# Joseph Cane and others *vs.* John W. Watson.

## *Error to Louisa.*

Appearance and pleading in the District Court, on appeal, waives all defects in the service of process &c., in the original proceeding before the justice of the peace.

The District Courts may amend a verdict in matter of form, at any time before final judgment is rendered, although at a subsequent term of the court.

This court will not disturb a judgment on account of any defect in the form of the verdict, provided the intention of the jury is unequivocal and evident.

In trespass against several defendants, a general verdict for the plaintiff, without specifying against which of the defendants, will be understood as applying to all.

An action of trespass *quare clausum fregit* was brought before a justice of the peace, by John W. Watson, against Joseph Cane, John H. Henderson, Ebenezer Carmichael, Arthur Carmichael, Alexander Hamilton, Samuel Bell and William Bell. The two latter were not served with process. The transcript of the justice sets forth however, in general, that *the defendants appeared*, and that a verdict of guilty was found against them. An appeal was then taken to the District Court.

In that court, the defendants, Cane, Hamilton, and Arthur Carmichael appeared in the first instance, and filed a plea of "not guilty."— All the original defendants afterwards appeared by their counsel, and moved to dismiss the suit, for reasons appearing on the face of the papers, which motion the court overruled. And thereupon the defendants pleaded "*not guilty*." Upon this issue being joined, the jury found the following verdict: "We, the jury, find for the plaintiff, and assess his damages at twenty-five dollars." A motion in arrest of judgment was then filed and the cause continued till the next term.

At the next term, the court directed that the verdict be amended in matter of form and that judgment be rendered thereon. The case was afterwards brought to this court on writ of error.

GRIMES, for plaintiff in error.

SPRINGER & WOODS, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.—This suit was brought up to the District Court by appealing from the judgment of a justice of the peace. Two of the defendants, William and Samuel Bell, were not served with process. The transcript of the justice, however, states that the plaintiff and *defendants* appeared on the day set for trial. The appearance of the two Bells' would have superceded the necessity of service.

It is urged, however, that the word "*defendants*" in the transcript ought to be understood as refering only to those who have been duly served with process. Such, however, does not seem to have been the understanding of the justice, for he afterwards states that "the *defendants* Samuel Bell and William Bell filed their bond for an appeal."

But whether the record would justify the conclusion that these defendants appeared in the justices court or not, it clearly shows an appearance in the District Court. The three other defendants had pleaded the general issue, after which a motion was made to dismiss the suit, in which all the defendants are named. This being overruled the "*defendants*" pleaded "not guilty," and issue was joined thereon. The defendants here mentioned must necessarily include the two Bells, for they were the appellants in the case, and they in particular, had joined in the motion to dismiss. Appearing and submitting to a trial, was, we think, a waiver of all objections to any preceding irregularity.

Another objection urged, is that the court permitted the verdict of the jury to be amended at the next term after it was rendered. A motion in arrest had been made, immediately after the trial, and the cause continued. The amendment of the verdict took place before the judgment was rendered. It makes no difference whether this was at the trial term or not. An amendment by the court in matter of substance would be error if made at any time; but if in mere matter of form, it would never be such an irregularity as could be rectified here. The District Court has control of its own records, so far as to direct the *form* in which entries shall be made therein, but must never alter substantial facts. If, therefore, the change in the verdict was such as the court might have made at the very time it was rendered, without the express assent of the jury, it was perfectly competent to direct the alteration at the time alleged in this case.

This court will not disturb a judgment on account of any defect in the

form of the verdict, provided the intention of the jury is unequivocal and evident. In this case we think there can be no mistake as to what the jury intended, in their original verdict. The plaintiff charged the defendants below with the commission of a trespass. They pleaded " not guilty. " Issue was thereupon joined and the jury found " for the plaintiff. " Although as was urged by counsel it is not stated as to which of the defendants they *find for the plaintiff.* The same objection might have been urged with equal force had there been a general verdict of " guilty. " It applies to all the defendants. If, therefore, we would not have disturbed the judgment for the defective verdict, had the same not been amended, we certainly shall not under present circumstances.

The judgment below will therefore be affirmed.