NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, 1886.

## EGAN v. PEASE.

*In the matter of the probate of the will of* CLARA E.
PEASE, *deceased.*

A will admitted to probate upon the testimony of one of three subscribing
witnesses, and against that of the others swearing positively that there
was no publication.

APPLICATION for the probate of decedent's will, made by Charles G. Pease, her husband; opposed by her mother Clara M. Egan, and her brother.

JONAS H. GOODMAN, *for proponent.*

FRANK F. VANDERVEER, *for contestants.*

THE SURROGATE.—There are three subscribing witnesses to the paper propounded as this decedent's will, Mr. Goodman, Mr. Held and Miss Held. It is not shown, by the testimony of any of these witnesses except the first, that, at the time of execution, the decedent declared the paper to be her will. Both the others swear with considerable positiveness that

the decedent made no such declaration in their presence, and that they were not at the time aware of the fact that the instrument which they subscribed purported to be a will.

Mr. Goodman, on the other hand, declares that when his fellow attesting witnesses had come, upon a summons for that purpose, into the presence of Mrs. Pease, he informed them in her hearing that they had been brought there to witness her will; he says further that the attestation clause, which is full and complete, was then and there read aloud by him in the presence of the decedent and the subscribing witnesses, and yet again he states that he expressly asked the decedent whether she acknowledged the paper to be her last will and testament, and received from her the answer "yes;" and that, when such question and such reply were uttered, Mr. Held and Miss Held were both standing at decedent's bedside. Now if Mr. Goodman's version of what occurred at the execution of this paper is to be taken as correct, the paper is entitled to probate.

Assuming that each of the three witnesses honestly endeavored to disclose the exact facts as he recalled them, which of the three is most likely to have been accurate in his recollection?

The learned Judge who pronounced the opinion of the Court of Appeals in Orser v. Orser (24 *N. Y.*, 51), in discussing the evidential weight of a certificate of attestation signed by a deceased subscribing witness to a will, said: "The force of this evidence will depend very much upon the circumstances of the case. If the witness, whose signature is thus proved,

is shown to be an uneducated man, not accustomed to subscribe wills, and ignorant of the legal requisites to their due execution, the evidence, afforded by proof of his handwriting, of a strict compliance with the requirements of the statute would be very slight. On the contrary, if the witness was in the habit of drawing and attending to the execution of wills and familiar with the law upon the subject, his certificate that the requisite formalities were duly observed would be entitled to great weight."

Similar comments have been made in many other decided cases where the relative value of the conflicting testimony of witnesses has been the subject of consideration.    See Matter of Kellum (52 *N. Y.*, 517); Morris v. Porter (52 *How. Pr.*, 1); Weir v. Fitzgerald (2 *Bradf.*, 42, 71); Williamson v. Williamson (2 *Redf.*, 449); Neiheisel v. Toerge (4 *Redf.*, 328).

In the case at bar, the witness Goodman, whose testimony if credited will carry this will to probate, is an attorney at law.    He states that he drew the instrument in the presence of Mrs. Pease, and pursuant to oral instructions received from her on the very day of execution, and that he then and there wrote out the attestation clause, which recites a compliance with all the requirements of the statute.    That he must have had those requirements in mind, therefore, a few hours before the execution is manifest, and it is very unlikely that, when he undertook to superintend such execution, he should have forgotten any of them, or should have failed to take heed that they were all observed.    It is far more probable, on

the other hand, that his fellow witnesses, neither of whom is shown to have known the essential elements of a valid execution or to have had any special interest in the transaction wherein they were taking part, should have given an erroneous version of what that transaction was.

I find no sufficient ground in the evidence for distrusting the good faith of the draftsman of this paper, or his candor as a witness. I must, therefore, credit his testimony, and pronounce for probate.