FANNIN COUNTY V. JOSHUA HIGHTOWER.

No. 1134.

Jurisdiction of Court of Civil Appeals—Mandamus.—The Courts of Civil Appeals have not the power to issue a writ of mandamus requiring a County Court to proceed with the trial of a case pending before it. [That recent legislation has now conferred such power, see article 1000 of the Revised Civil Statutes of 1895.—REPORTER.]

ORIGINAL APPLICATION for writ of mandamus.

*John C. Meade* and *R. B. Semple,* for applicant.

*William A. Bramlette* and *Agnew & Duncan,* for defendants.

LIGHTFOOT, CHIEF JUSTICE.—This is an application by Fannin County for a writ of mandamus, in which the applicant alleges, in substance, that Joshua Hightower, while acting as a member of the Commissioners Court of Fannin County, received from the county $310.60 to which he was not justly entitled. That said sum was allowed by the Commissioners Court, and that the county judge, as a member of said court which allowed the claim, and having advised the court and said Hightower in regard to it, being thereby disqualified to try the case, the counsel for the respective parties agreed upon a special judge to try it. That the special judge, after examining into the facts, determined that the county judge was not disqualified, and refused to act in the case, and the county judge also refused to act.

The applicant prays for a writ of mandamus requiring the special judge to try the case, and in the event the court should be of the opinion that this would not be proper, that a writ of mandamus issue requiring the county judge to try the case.

The county judge and special judge both waive the issuance of process, enter their appearance, and express their willingness to obey any order or direction of this court. Joshua Hightower is not made a party.

The first question which presents itself in considering the application, is whether this court has jurisdiction to grant it.

Under section 6, article 5, of the Constitution of Texas, as amended by the joint resolution approved April 28, 1891, and adopted by the vote of the people, the jurisdiction of this court is fixed as follows: "Said Courts of Civil Appeals shall have *appellate* jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. * * * Said courts shall have such other jurisdiction, *original* and *appellate,* as may be prescribed by law."

If this court has jurisdiction to issue the writ of mandamus, as prayed for, it must be found either under the Constitution itself, or under some appropriate legislation authorizing it.

In the Act of the first called session of the Twenty-second Legislature, providing for the organization of the Courts of Civil Appeals, we find the jurisdiction of such courts fixed as follows:

"Sec. 5.   The appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases within the limits of their respective districts:

"1.   Of which the District Court has original or appellate jurisdiction.

"2.   Of which the County Court has original jurisdiction.

"3.   Of which the County Court has appellate jurisdiction when the judgment or amount in controversy shall exceed one hundred dollars, exclusive of interest and costs.   The judgment of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on facts and law in the following cases; nor shall a writ of error be allowed thereto from the Supreme Court, to wit:

"(1)   Any civil case appealed from a County Court or from a District Court, when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except in probate matters, and in cases involving the revenue laws of the State or the validity of a statute.

"(2)   All cases of boundary.

"(3)   All cases of slander and divorce.

"(4)   All cases of contested elections of every character other than for State offices, except where the validity of a statute is attacked by the decision.

"The judgments of said Courts of Civil Appeals shall be final in all appeals from interlocutory orders appointing receivers or trustees, or such other interlocutory appeals as may be allowed by law, and the judgment of said courts shall be final in all other cases as to law and facts, except where appellate jurisdiction is given to the Supreme Court and not made final in said Courts of Civil Appeals.

"Sec. 6.   The said courts and the judges thereof shall have power to issue the writs of mandamus and all other writs necessary to enforce the jurisdiction of said court.

"Sec. 7.   The said courts shall have power, upon affidavit or otherwise, as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction.

"Sec. 8.   The said courts shall have power to punish any person for a contempt of said court, according to the principles and usages of law in like cases, not to exceed one thousand dollars fine, or imprisonment not exceeding twenty days.

"Sec. 9. The said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the District Court to proceed to trial and judgment in a cause agreeably to the principles and usages of law, returnable on or before the first day of the next term, or during the session of the same, or before any judge of the said court, as the nature of the case may require."

It will be observed, that the only sections of the statute authorizing the issuance of the writ of mandamus by this court, are section 6, authorizing the issuance of "writs of mandamus and all other writs *necessary to enforce the jurisdiction of said court*;" and section 9, authorizing the issuance of "the writ of mandamus to compel a judge of the *District* Court to proceed to trial and judgment," etc.

It can not be contended that the power is granted in section 6 to issue the writ in this case, for it will not be claimed that the writ is necessary to enforce the jurisdiction of this court, the case never having been passed upon in the court below, and this court never having acquired jurisdiction of it in any manner whatever. It is also clear that section 9, expressly granting power to issue the writ to compel a judge of the *District Court* to proceed to trial, either purposely or otherwise, excludes the idea of such power being granted to issue such writ to compel a judge of the *County Court* to proceed to the trial of a cause.

In section 9, the legislative mind was clearly directed to the subject of granting power to this court to issue the writ of mandamus to compel the trial of causes below, and in express terms the power is given, as to the District Court only. If such jurisdiction was intended to extend to the County Court, the act certainly would have expressed it. The jurisdiction is not expressly conferred, and can not be fairly presumed from any power expressly granted. On the contrary, an expression of the power to issue such writ to compel the *District Court* to try a case would seem to exclude the idea of such power to issue the writ to compel any other court to act, except where it should be necessary in enforcing the jurisdiction of this court under section 6, in a case in which the jurisdiction of this court has properly attached.

This application can not be considered as an appeal "from interlocutory orders appointing receivers or trustees, or such other interlocutory appeals as may be allowed by law," mentioned in section 5 of the above recited act. The only statute authorizing appeals to this court from interlocutory orders is found in the act of the first called session of the Twenty-second Legislature, article 1380, which says: "An appeal shall lie from an interlocutory order of the *District Court* appointing a receiver or trustee," etc. No such provision is made for appeals from interlocutory orders of the County Court, although provision is made in the same section for appeals from final judgments of the County Courts. But this application does not come within the appellate jurisdiction of this court, nor does the applicant pretend to comply with any of the forms of law regulating appeals.

We are referred by the learned counsel for the applicant to the cases of Klieber v. McManus, 66 Texas, 49, and Schultze v. McLeary, 73 Texas, 92, as authority for granting the writ.

In the case first mentioned there was an application to the Supreme Court for a mandamus, requiring Judge Russell, of the District Court of Cameron County, to proceed with the trial of a case which had been removed to the United States Circuit Court, and which had been remanded by that court back to the District Court, and the district judge, taking the position that his court had lost jurisdiction by its previous order removing the case to the Federal court, refused to try it. Judge Robertson, in discussing the question, places the power of the Supreme Court to issue the writ upon article 1016, Revised Statutes, authorizing that court to issue the writ of mandamus to compel a judge of the District Court to proceed to trial and judgment in a cause. The court says: "The question here is, has the Legislature authorized an appeal from an interlocutory order of the District Court, refusing to proceed with a case, and prescribed how the appeal shall be taken. The only law bearing upon the question is article 1016 of the Revised Statutes, which enacts, that 'the said court [meaning the Supreme Court], or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the District Court to proceed to trial and judgment in a cause, agreeably to the principles and usages of law, returnable to the Supreme Court on or before the first day of the term, or during the session of the same, or before any judge of said court, as the nature of the case may require."

"The appellate power is vested by the Constitution in the Supreme *Court*, and not in the several judges. The attempt in the last two clauses of the article to confer this power upon 'any judge of said court' will not defeat the purpose of the Legislature to confer warranted jurisdiction upon the *court*, if that purpose is declared in other parts of the statute. We may therefore discard the last two clauses in determining the effect of the statute; what is left is complete without them. On this principle, the Act of May 10, 1840, Paschal's Digest, article 469, et seq., was given effect by ignoring the void features. Thomas v. The State, 9 Texas, 333; Miller v. Holtz, 23 Texas, 141.

"This article contemplates a revision of the action of the District Court refusing to proceed with a cause, and a correction of the error by a writ of mandamus, if the action of the District Court is found to be erroneous. The writ does not issue *until* the court has exercised jurisdiction of the cause, has heard and determined the matter in issue; the mandamus then issues to enforce the judgment. We have no difficulty whatever in determining that this writ may be used to enforce the judgments of this court. The Constitution expressly authorizes its issue to enforce the jurisdiction of the court. This point was fully considered and determined in the case of Wells v. Littlefield, 62 Texas, 28. It was there held, however, that this writ could issue from this court only in cases in which the jurisdiction has attached. The writ

is not the means of *acquiring* jurisdiction, but of executing the sentence of the Supreme Court in a case in which the Supreme Court has already acquired and exercised its appellate power. This statute does not contemplate the issue of the writ until it has been determined that the court below has improperly refused to proceed. This is legitimate and constitutional.

"The real question recurs, has the Legislature, in this act, exercised its constitutional right to allow an appeal from this interlocutory order of the District Court? The writ of mandamus is an appropriate remedy for the wrong, if the law has put us in possession of the case and authorized us to determine that a wrong has been done. It was undoubtedly intended that this issue should be adjudicated—it was an issue the Legislature might authorize this court to adjudicate—and the only question left is, whether or not the act sufficiently prescribes the procedure by which aggrieved parties are to invoke the appellate jurisdiction. This depends on a single clause of the statute. The cases to which the prescribed remedy may be applied are stated in the act—the remedy is to be *sought* 'agreeably to the principles and usages of law.' This clause has reference necessarily only to the procedure. It was not intended that this court should direct the District Court how it should proceed, or what final judgment its proceedings should result in. This would be trying the case in advance of the District Court, and the exercise of original jurisdiction. In the application—in the appeal—the invocation of the appellate jurisdiction to revise and correct the error of the District Court in refusing to proceed with the cause, the complaining party, the appellant, is to proceed 'agreeably to the principles and usages of law.' * * *

"As the Legislature had the power under our present Constitution to authorize the Supreme Court to revise interlocutory orders, and it has distinctly manifested its purpose that this court should revise such interlocutory orders as that now before us, this court would hesitate to allow that purpose to be defeated by the vagueness or inadequacy of the prescribed practice." 66 Texas, 51, et seq.

In this opinion the Supreme Court was embarrassed by the Constitution, which then gave it only appellate jurisdiction.

The present statute gives this court the same power over the District Court as was conferred upon the Supreme Court by the Revised Statutes, article 1016, quoted in the opinion above; but it confers no such power as to the *County Court*, nor is there any other section of the statute or Constitution from which such power over the County Court can be inferred.

The case of Schultze v. McLeary, 73 Texas, 92, referred to by counsel for appellant, was also a case in which the District Court was required to proceed with the trial of a cause. Judge Stayton delivered the opinion, and did not again discuss the power of the court under the statute, which had been exhaustively considered in the opinion of Judge Robertson.

It is said by Judge Roberts, in the case of Guilford v. Love, 49 Texas, 744, that "All of our courts are limited in their jurisdiction with reference to the judicial powers between them, and they are special in reference to what may be adjudicated by each of them."

The jurisdiction of the Court of Civil Appeals is specifically pointed out in the Constitution and statutes enacted under it, and we do not feel authorized to overstep the bounds there prescribed. As said by Chief Justice Willie, in Ewing v. Cohen, 63 Texas, 485: "The fact that appellee here had no other remedy does not entitle him to that of mandamus. It is well settled, that while mandamus issues only where the aggrieved party has no other adequate remedy, the converse of the proposition is not true, that where he has no other remedy he may resort to the writ of mandamus. * * * And the writ is refused, though it be evident to the superior court that the judgment of the inferior court was wrong."

In making this quotation, we do not pretend to intimate that the applicant has no remedy. In the same case above mentioned, Judge Willie says that the writ of mandamus "can not be made a substitute for an appeal or writ of error." 63 Texas, 484.

Mr. High, in his excellent work on Extraordinary Legal Remedies, section 8, says: "And since the proceeding has all the elements of an ordinary action at law, including parties, pleadings, mesne and final process, it is regarded as an original proceeding or suit, rather than the mere final process of a suit, or a mode of obtaining execution on a judgment." McBane v. The People, 50 Ill., 503.

See also section 27 (High on Ex. Leg. Rem.), as follows: "The granting of the writ of mandamus is the exercise of an original and not an appellate jurisdiction, the writ itself being an original process. Hence it follows, that in those States where the courts of last resort are devoid of original jurisdiction and vested only with appellate powers, such courts can not ordinarily exercise jurisdiction by mandamus. An exception, however, is recognized where the issuing of the writ is necessary in aid of the appellate power of such courts, and in such cases it is not regarded as an original proceeding, but one instituted in aid of the appellate jurisdiction possessed by the courts."

As early as the case of Marbury v. Madison, 1 Cranch, 137, it was settled by the Supreme Court of the United States, that a court having only appellate jurisdiction could not issue the writ of mandamus, except in aid of its appellate powers.

It can not be claimed that the refusal of the County Court to try the cause was other than interlocutory. In no sense was there a final judgment. This court has no appellate jurisdiction of an interlocutory order except such as is expressly conferred by law, viz., of interlocutory orders of the District Courts appointing receivers or trustees; nor has this court any original jurisdiction in granting a mandamus, except such as is expressly conferred in the act above mentioned, author-

izing its issuance to the *District* Court requiring such court to proceed to the trial of a cause.

In the case of United States v. Commissioners, 1 Morris, 52, the learned judge quotes with approval the following from the opinion in Kendall v. United States, 12 Peters, 524: "Upon the same principle, I believe it may be affirmed, without exception, unless when a statutory provision has been made, that in every State in the Union where the common law prevails the writ issues only from the court possessing the highest original common law jurisdiction."

In this State the appellate courts have for a number of years possessed such power expressly granted in the Constitution, to be exercised for the purpose of maintaining their own jurisdiction. Wells v. Littlefield, 62 Texas, 28.

The recent amendment to the Constitution authorizes the Legislature to confer original jurisdiction upon the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State. The statute under it authorizes such court to issue the writs against "any district judge or officer of the State government, except the Governor of the State." The Supreme Court in passing upon this statute raised the *quære*, whether the Legislature has sufficiently "specified the cases" in which that court may grant such writ. Teat v. McGaughey, 85 Texas, 478.

It is clear that no such jurisdiction has been conferred upon this court as will authorize the issuance of the writ of mandamus requiring the County Court to proceed with the trial of the case set out, and the application is therefore dismissed.

*Dismissed.*

Delivered December 12, 1894.