P. L. Buvens v. J. T. Robison, Commissioner of General Land Office, et al.

No. 4892.   Decided June 25, 1928.

(8 S. W., 2nd Series, 664.)

*Ward & Ward,* for relator.

*R. L. Batts,* and *J. T. Robison,* for respondent.

*Smith & Gibson, E. F. Smith, Phillips, Townsend & Phillips,* and *Nelson Phillips,* for co-respondents Transcontinental Oil Co. and Mid-Kansas O. & G. Co.

*Black & Graves* and *Chas. L. Black,* for co-respondent Holland.

*Hill, Neill & Hill,* for co-respondent Yates.

*Claude Pollard,* Attorney-General, with *C. W. Truehart,* Assistant, *F. A. Williams, Underwood, Johnson, Dooley & Simpson, T. L. Foster* with *J. W. Timmins, T. R. Freeman,* with *S. W. Marshall, and John L. Young,* filed briefs as *amici curiae,* by leave of the court.

For briefs see Greene v. Robison, ante, p. 516.

Mr. Justice PIERSON delivered the opinion of the court.

This is an original proceeding for mandamus in which relator, P. L. Buvens, seeks to have J. T. Robison, Commissioner of the General Land Office, issue a permit to him under the Permit and Lease Act of 1917 to prospect for oil and gas on that certain "area of 880 acres, being the north 880 acres out of that certain tract or parcel of land patented by the State of Texas to I. G. Yates, "same being a part of a 2486 acre tract in Pecos County, Texas, same being further described and identified in relator's petition.

This land was awarded and sold to co-respondent I. G. Yates on the 4th day of June, 1921. It was classified as "mineral," and was sold with a reservation of the mineral rights to the State of Texas.

On December 28, 1923, I. G. Yates, under authority of the Relinquishment Act, executed an oil and gas lease to co-respondent Transcontinental Oil Company.

The Commissioner of the General Land Office rejected relator's application for a permit and lease on said area, on the ground that said land was not subject to permit because the Permit and Lease Act of 1917 had been repealed and superseded by the Relinquishment Act of 1919.

Co-respondent I. G. Yates, in his answer to relator's petition herein, alleges that under said lease oil had been discovered and developed on said tract of land in large quantities; that relator is not entitled to be permitted to maintain this suit for mandamus for the reason that on November 30, 1926, the State of Texas, through the Attorney General, had filed suit in the 53d District Court of Travis County, Texas, against him and the Transcontinental Oil Company, the Mid-Kansas Oil & Gas Company, the Peerless Oil & Gas Company, and Brown Brothers, alleging that the Relinquish-

ment Act of 1919 was unconstitutional and void, and that co-respondent Yates and his lessees had no legal rights to the oil and gas in said land.

It appears from the pleadings of the parties that H. O. Holland also had filed an application for a permit to prospect for oil and gas on the same area involved in this case. He was made a party to the suit as a co-respondent, and in his answer is seeking affirmative relief and prays that a mandamus be issued requiring respondent Robison to issue to him a permit on said land.

· The merits of the entire case depend upon the constitutionality of the so-called Relinquishment Act of 1919. In an opinion delivered in the case of Greene v. Robison et al., this day delivered (ante, p. 516), this Court upheld in all essential respects the constitutionality and validity of said Act.

It appearing that the subject matter of this suit is also in litigation in the District Court of Travis County, Texas, no mandamus can be awarded herein. It has been universally held that a mandamus cannot be awarded where a relator has an adequate remedy at law or where he has a remedy by appeal. Steele v. Goodrich, 87 Texas, 401, 28 S. W., 939; State of Texas v. Morris, 86 Texas, 226, 24 S. W., 393; Arkansas Bldg. & Loan Assn. v. Madden, 91 Texas, 461, 44 S. W., 823.

In the case of Greene v. Robison et al. we mentioned the fact that in four of the six cases involving the validity of the Relinquishment Act the land had been awarded and sold to the owners of the soil prior to the effective date of said Relinquishment Act, and that in two of them the land had been awarded and sold after the effective date of said Relinquishment Act. In the instant case the land was awarded and sold after the effective date of said Relinquishment Act. The argument is made that, even though the Relinquishment Act should be held invalid as to land awarded and sold prior to the effective date of the Relinquishment Act, nevertheless it would be valid as to land awarded and sold after said Act had become effective. On this issue the Attorney General in his argument says:

"The constitutionality of the Relinquishment Act as affecting lands theretofore sold (that is, prior to the effective date of said Act) and as affecting lands thereafter sold, is in a somewhat different situation. In its prospective aspect, the Relinquishment Act as codified in 1925 (Articles 5367–79) if possible must be construed along with and reconciled with Article 5310, which provides for a reservation of minerals in connection with the sale of lands. If it

can thus be construed as making provision for the sale, instead of the relinquishment, of 15/16 of the oil and gas in lands thereafter sold, it may be that the Act in its prospective aspect could be so far upheld; but there would still remain the questions as to whether the sale was not for a consideration other than money, and whether it was a delegation of a legislative function, as rendering it invalid in any event."

We should think it very improper indeed to construe this Act in connection with Article 5310, R. S. 1925, and read into it a sale of the land with a mineral reservation of only one-sixteenth, i. e., as a sales Act without a reservation of minerals except to the extent of one-sixteenth. That is clearly not the nature or purpose of this Act. The Act is entirely prospective in its application. To be sure the offer is made to owners of the soil who purchased prior to the effective date of the Act, but its acceptance, action under it, and its entire application, are in futuro. This is in accord with its whole tenor and effect. It applies to all land sold with mineral reservation before and after its enactment, except those lands upon which permits or leases had theretofore been issued and rights acquired under them, and it is applicable to those lands when such permit rights are terminated. The oil and gas in these lands are subject to sale under the terms of this Act and all future Acts relating to them.

For the reasons given in the case of Greene v. Robison et al., referred to above, the prayers for mandamus of relator Buvens and co-respondent Holland are both denied.