## BUTLER v. VINING et al.
### No. 2710.

Court of Civil Appeals of Texas. Beaumont.
March 7, 1935.

Adams & McAlister, of Nacogdoches, for appellant.

J. W. Chandler, Jr., of Rusk, for appellees.

COMBS, Justice.

Appellant is sheriff of Nacogdoches county and appellee A. M. Vining is clerk of the district court of Cherokee county. This suit was instituted by appellees in the district court of Nacogdoches county as a mandamus proceeding to compel the appellant, as sheriff, to levy a writ of execution. There is no brief for appellees and no statement of facts.

From the petition filed in the trial court, it appears that certain parties resident in Nacogdoches county were sureties on an appeal bond filed in the district court of Cherokee county, and that by final judgment in the Court of Civil Appeals at Texarkana they had been adjudged to pay the costs of the suit. It is alleged that execution was duly issued against them and placed in the hands of appellant, but that he had failed and refused to execute it. Upon a hearing the trial court awarded the writ of mandamus, as prayed for.

Appellant's general demurrer to the petition should have been sustained for the reason that mandamus was not the proper remedy. If, as alleged, appellant failed or refused to perform his duty as sheriff by levying the execution, the statute provides the procedure to be followed in such case. Article 3825, Vernon's Ann. Civil Statutes, reads as follows: "Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

Ordinarily, mandamus does not lie where the relator has another plain, effective, and adequate remedy to obtain the relief sought. Buvens v. Robison, 117 Tex. 541, 8 S.W.(2d) 664; Hogue v. Baker, 92 Tex. 58, 45 S. W. 1004. The execution involved in this case was issued upon an ordinary money judgment. The procedure prescribed by statute, and not mandamus, is the proper remedy for failure or refusal of the sheriff to execute it. 28 Tex. Jur. 525; Seagraves v. Scarborough (Tex. Civ. App.) 190 S. W. 1154.

The judgment of the trial court is reversed and the cause dismissed at appellees' cost.