**CITY OF BIG SPRING v. GARLINGTON, County Judge.**

**No. 1614.**

Court of Civil Appeals of Texas. Eastland.

Nov. 23, 1935.

Wilburn 'Barcus, Thos. J. Coffee, and Sullivan & Sullivan, all of Big Spring, for relator.

J. S. Garlington, of Big Spring, for respondent.

GRISSOM, Justice.

The relator, city of Big Spring, filed with Hon. J. S. Garlington, county judge of Howard county, its petition for condemnation of certain property within its limits belonging to L. E. Coleman and others. Such petition (or statement) is apparently in conformity with the law in all respects. The city and property owners agreed upon the commissioners to be appointed, and filed with the county judge a joint written request for such appointment, but said county judge refused to appoint the commissioners agreed upon, and refused to appoint any other persons as commissioners. Whereupon relator filed its verified petition for mandamus in this court, reciting in detail its desire to acquire the property sought to be condemned, the necessity therefor, and showing compliance with the eminent domain statutes. It recites the agreements of the parties as to the commissioners to be appointed and that respondent, though requested to do so, has refused to appoint the commissioners agreed upon, or any other commissioners, and says that he will not do so, and that therefore no progress can be had in the condemnation proceeding, that it has no remedy at law, etc., and prays for judgment requiring respondent to appoint commissioners. All of the landowners have intervened, adopted the allegations of relator, and prayed for the issuance of a writ of mandamus requiring respondent to appoint the commissioners agreed upon. Respondent, although notified, has not answered.

Article 1824, R.S. 1925, as amended, Acts 1929, 41st Leg., c. 33, p. 68, § 1 (Vernon's Ann.Civ.St. art. 1824) provides: "Said Courts [Courts of Civil Appeals] or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

"A cause is a suit, litigation or action; any question, civil or criminal, contested before a court of justice." Black Law Dict. p. 181.

"Case and cause are synonyms." Blyew v. United States, 13 Wall.(80 U.S.) 581, 20 L.Ed. 638; Erwin v. United States (D. C.) 37 F. 470, 2 L.R.A. 229. Also see 11 C.J. pp. 37 and 38; Scott v. Perkins, 28 Me. 22, 48 Am.Dec. 470; Tolle v. Tolle, 101 Tex. 33, 104 S.W. 1049; 10 C.J. p. 1246; Words and Phrases, vol. 2, First Series, p. 1009 et seq.; vol. 1, Words and Phrases, Second Series, p. 708 et seq.

This court's authority to issue the writ it limited to a situation wherein there is a cause pending in a district or county court wherein the judges of said courts have authority to proceed to trial and judgment therein. Article 3264, Rev.St., provides that, when a statement or petition, such as was presented to the respondent here, is presented and filed with him, he shall appoint special commissioners to assess the damages, giving preference to those that may be agreed upon between the parties; that the commissioners shall be sworn; that they shall set a time and place for hearing and issue notice to the interested parties; that such notice shall be served and a hearing had; that, when the commissioners have assessed the damages, their decision shall be filed with the county judge. "If no objections to the decision are filed within ten days, the county judge, shall cause said decision to be recorded in the minutes of his court, and shall make the same the judgment of the court and issue the necessary process to enforce the same." Rev.St. art. 3266, subd. 7. If dissatisfied with the decision, a party has 10 days within which to file his objection thereto, and until after this is done there is no cause pending in the county court, and such proceeding is not within the jurisdiction of the county court to hear and determine. Article 5, § 16, Const. of Texas. The commissioners appointed cease to act as such on the filing of their decision and the jurisdiction of the county court attached subsequently only in the event that the award of the commissioners was objected to in the proper time and manner.

"To thus invoke the jurisdiction of the county court it was necessary that appellants should, as they did do, file with the county judge, within ten days after the decision of the commissioners was filed with him, their objections thereto in writing; and, in order for the county court to proceed, to hear and determine the cause as in other civil cases, it was necessary that citation be duly issued and served upon ap-

pellee, or that appellee should make a voluntary appearance." Fitzgerald et al. v. City of Dallas (Tex.Civ.App.) 34 S.W. (2d) 682, 683.

"The effect of the filing of the objections is ordinarily to vacate the award of the commissioners. Such action also marks the attachment of jurisdiction of the county court and converts the original statement or petition into a cause of action to be 'tried and determined as in other civil causes in the county court.'" 16 Tex. Jur. § 162, p. 791, 792.

From the institution of condemnation proceedings and until after objections filed to the award of the commissioners there is no cause in the county court. The only action of the county judge during such proceeding is his acts in appointing appraisers and filing the petition and award of the commissioners and entering the judgment of the commissioners as that of the court. Such acts he does not perform as a court, but in doing such acts he is performing ministerial duties required of him by the Legislature. Suppose we should grant the writ prayed for and direct the county judge to proceed to trial and judgment in a cause it would be impossible for him to perform such mandate of this court because there is no cause pending in the county court, and he has no right nor authority to proceed to trial, and the only judgment that he can enter is the judgment of the commissioners and in entering their judgment as that of the court he is performing no judicial function. He has no discretion in the entry of this award as the judgment of the county court, but is required by statute to enter the award as prepared by the commissioners. It is not until after some party to this special proceeding has filed his objections, removed the proceeding to the county court, and citation is issued and served that there is a cause pending in the county court on which he can proceed to trial and judgment.

In the view that we take of the matter, this condemnation proceeding at its present stage is analogous to the filing of a claim before the Industrial Accident Board. We do not believe that it would be seriously contended that under the statute in question we would have the authority to direct such board to proceed to trial and judgment. The courts of civil appeals have no original jurisdiction to grant writs of mandamus except where they are expressly authorized to do so by statute. Fan-

nin County v. Hightower, 9 Tex.Civ.App. 293, 29 S.W. 187. It is our interpretation of the statute in question that it is not applicable to a special proceeding under the eminent domain statute at the present stage of this proceeding and that we are without authority to issue the writ prayed for.

"The original jurisdiction of a court of civil appeals cannot be successfully invoked if the ordinary remedy by suit for mandamus in the district court and appeal to the appellate court is available and adequate." 28 Tex.Jur. § 48, p. 603; Love v. Wilcox, 119 Tex. 256, 28 S.W.(2d) 515, 70 A.L.R. 1484.

 Constitution, art. 5, § 8, provides that the district court "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." It has been determined that the district court has jurisdiction to "compel the performance of a ministerial duty by a county judge acting as such, and not as a court." 28 Tex.Jur. § 49, p. 606; Ferguson v. Leigh (Tex.Civ.App.) 193 S.W. 206; Thorne v. Moore, 101 Tex. 205, 105 S.W. 985; County of Anderson v. Kennedy, 58 Tex. 616; Robinson & Watson v. Wingate, County Judge, 36 Tex.Civ.App. 65, 80 S.W. 1067; Hunt v. Atkinson, County Judge (Tex.Com.App.) 12 S.W. (2d) 142; Kaufman County v. Gaston (Tex.Civ.App.) 273 S.W. 273; McCormick v. Jester, 53 Tex.Civ.App. 306, 115 S.W. 278; Hardy v. City of Throckmorton (Tex. Civ.App.) 62 S.W.(2d) 1104; Brown v. Wheelock, 75 Tex. 385, 12 S.W. 111, 841; Capps et al. v. Cowan (Tex.Com.App.) 286 S.W. 161; White v. Calaway, County Judge (Tex.Civ.App.) 282 S.W. 642; Anderson v. Ashe, 99 Tex. 447, 90 S.W. 872; American Nat. Ins. Co. v. Smith (Tex. Civ.App.) 1 S.W.(2d) 515.

In the case of Prince v. Miller, Dist. Judge, 123 Tex. 118, 69 S.W.(2d) 52, 55, Judge Sharp, in writing the opinion for the commission, used the following language: "In the case of Love v. Wilcox, 119 Tex. 256, 28 S.W.(2d) 515, 521, 70 A.L.R. 1484, in discussing section 3 of article 5 of the Constitution with respect to the Supreme Court issuing a writ of mandamus, Mr. Justice Greenwood said: 'Ordinarily rights may be enforced in a mandamus proceeding by suit in the district court, appealed to the Court of Civil Appeals, and brought to the Supreme Court by writ of error.

Where these ordinary remedies are complete and adequate, the extraordinary original jurisdiction of the Supreme Court or of the Court of Civil Appeals cannot be successfully invoked. Buvens v. Robison, Land Commissioner, 117 Tex. 541, 8 S.W. (2d) 664; International & G. N. Ry. Co. v. Pleasants, 116 Tex. 568, 296 S.W. 282; Queen v. Lambourn Valley R. Co., L.R. 22 Q.B.Div. 463; Ex parte Riddle, 255 U.S. 450, 41 S.Ct. 370, 65 L.Ed. 725.'"

The petition for mandamus is dismissed without prejudice.