Arlene B. HENDERSON et vir,
Appellants,

v.

TEXAS TURNPIKE AUTHORITY,
Appellee.

No. 15352.

Court of Civil Appeals of Texas.

Dallas.

Nov. 15, 1957.

Rehearing Denied Dec. 13, 1957.

McKool & Bader, Dallas, for appellants.

Locke, Locke & Purnell and Wayne O. Woodruff, Dallas, for appellee.

DIXON, Chief Justice.

This appeal presents a unique question involving condemnation suits in counties which have more than one County Court at Law.

On January 18, 1957 appellee Texas Turnpike Authority initiated condemnation proceedings pursuant to Art. 3264, V.A.C.S., by filing its statement with Hon. Owen Giles, Judge of County Court of Dallas County at Law No. 1. Judge Giles appointed special commissioners who on April 10, 1957 filed their award with Judge Giles. The written award was then placed in a jacket numbered 116427–A with the other condemnation papers in the same proceeding, the jacket and the papers being in the custody of the County Clerk of Dallas County.

On April 15, 1957 within the ten days specified in Art. 3266, sec. 6, V.A.C.S., appellant Arlene B. Henderson and husband R. A. Henderson, owners of the real property involved, filed with the County Clerk of Dallas County their "Petitioners' Original Petition and Objection to Decision of Commissioners." These written objections were docketed by the County Clerk in the County Court of Dallas County at Law

No. 2, Hon. Julien C. Hyer, Judge, as cause No. 188–B, pending in that court.

It is apparent from the record that appellants knew that the condemnation proceedings had been initiated before Judge Owen Giles, Judge of County Court at Law No. 1, and had been assigned No. 116427–A. They also knew and made no protest when their objections to the commissioners' award were filed as a new cause of action and assigned No. 188–B in County Court at Law No. 2, presided over by Judge Julien C. Hyer. Neither did appellants afterward move to transfer the cause of action No. 188–B pending in Court No. 2 to County Court at Law No. 1, before whose Judge the condemnation proceedings had been initiated, but with knowledge of the facts they elected to prosecute their appeal in County Court at Law No. 2 before Judge Hyer.

On April 24, 1957 Judge Giles, pursuant to Art. 3266, sec. 7, V.A.C.S., signed a judgment in the condemnation proceedings pending before him, making the award of the commissioners final. The judgment recited that no objection to the special commissioners' decision had been filed.

On May 9, 1957 appellee Texas Turnpike Authority filed its motion for summary judgment in cause No. 188–B pending in County Court at Law No. 2. The motion alleged in detail the facts as above set out, and asserted that County Court at Law No. 2 did not have jurisdiction of the cause.

On May 23, 1957 Judge Julien C. Hyer sustained appellee's motion for summary judgment and rendered judgment dismissing appellants' cause of action No. 188–B in County Court at Law No. 2.

The question presented to us is this: If condemnation proceedings are initiated under Art. 3264 before Judge Owen Giles, who is Judge of the County Court of Dallas County at Law No. 1, and special commissioners duly appointed by Judge Giles file their award with him, may dissatisfied property owners pursuant to Art. 3266, sec. 6, V.A.C.S., prosecute their appeal in County Court of Dallas County at Law No. 2, of which Judge Julien C. Hyer is the Judge—does the latter court under the circumstances have jurisdiction of the property owners' appeal?

Appellants in four points of error assert that (1) within ten days after the award by the special commissioners appellants properly filed their objections and appeal with the County Clerk of Dallas County; (2) the filing with Judge Giles on January 18, 1957 by appellee of its statement in writing to condemn appellants' property did not constitute the institution of a suit, or the invoking of the jurisdiction of any regularly constituted court as a court: it was not until the appeal and objections of appellants were filed on April 15, 1957 that a cause of action or suit as such was filed in any court, and then it was permissible and proper under the circumstances to file and docket the suit in County Court at Law No. 2; (3) the acts performed by Judge Giles prior to the filing of appellants' objections were not performed in connection with a cause of action then pending in County Court at Law No. 1, but were ministerial duties performed by the Judge in special proceedings which were not part of a suit, or cause of action then pending in said court; and (4) fact controversies exist between the parties as to the reasonable market value of the property involved, and as to whether appellee has complied with all prerequisites of the eminent domain laws.

Art. 3264, sec. 1, expressly provides that condemners shall file a statement with the Judge of the county in which the land is situated. But Art. 3266, sec. 6, does not state where a dissatisfied party should file his objections—that is whether with the Judge before whom the condemnation proceedings were instituted, or with the County Clerk.

Appellee contends that Art. 3266, sec. 6, properly interpreted, requires dissatisfied parties to file their objections with the Judge—in this case Judge Giles of County

Court at Law No. 1. In support of this contention appellee cites State v. Meyers, Tex. Civ.App., 292 S.W.2d 933; Thompson v. Martin County, Tex.Civ.App., 247 S.W.2d 585; American Tel. & Tel. Co. v. Peurifoy, Tex.Civ.App., 242 S.W.2d 233, and Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682.

Appellants, on the other hand, contend that the statute, properly interpreted, requires the objections to be filed with the County Clerk, as is done in all instances when a suit is filed in County Court. In support of this contention appellants cite Hardy v. City of Throckmorton, Tex.Civ. App., 62 S.W.2d 1104; Id., Tex.Civ.App., 70 S.W.2d 775, and Miers v. Housing Authority of City of Dallas, Tex.Civ.App., 268 S.W.2d 796. This is true, say appellants, for the reason that it is the filing of the objections which marks the filing of a suit or cause of action as such; the condemnation proceedings prior to that time having been mere administrative proceedings which did not have the status of a lawsuit as such pending in any court. Appellants further argue that since the filing of objections marks the beginning of a lawsuit as such, it becomes the duty of the County Clerk to file and docket the new suit in the one of the two County Courts at Law which happens at the time to be open for the filing of a suit, the practice being to alternate between the two courts in the filing of new suits.

■ It is our opinion that with the filing of objections by a dissatisfied party the condemnation proceedings are converted into a lawsuit as such for the first time. Up to that time the condemnation proceedings are only administrative proceedings in which the Judge acts as an administrative agent, not as the Judge of a court performing judicial duties in a pending lawsuit. Miers v. Housing Authority of City of Dallas, Tex.Civ.App., 268 S.W.2d 796; County of Milam v. Akers, Tex.Civ.App., 181 S.W. 2d 719; City of Big Spring v. Garlington, Tex.Civ.App., 88 S.W.2d 1095; Hardy v.

City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104; 16 Tex.Jur. 726–727.

■ It is our further opinion that since the filing by the dissatisfied party of his objections changes the proceedings into a cause of action pending in a duly constituted court, the petition or written objections may be filed either with the Judge of the court or the County Clerk. Rules 22, 24 and 74 Texas Rules of Civil Procedure; 16 Tex.Jur. 722–723.

■ However it is our opinion that the objections to the commissioners' award should be filed in the court presided over by the Judge who, until the filing of the objections, has acted only as an administrative agent in the condemnation proceedings. In other words, we think that in the instant the petition or objections filed by appellants with the County Clerk should have been docketed in County Court at Law No. 1, of which Hon. Owen Giles is the presiding Judge; and that the written objections should be kept in the same file or jacket with the papers filed earlier in the condemnation proceedings.

■ This conclusion we believe is in harmony with the intention of the Legislature as reflected not expressly but by implication in Arts. 3264–3271 V.A.C.S. Although only appellants filed objections in this case, there were several other parties named in the original condemnation statement as persons asserting an interest in the property to be condemned. If each of them had filed objections, and their objections could be filed in different courts, as appellants contend, endless confusion would result. Such a situation did not develop in this case, but it could and doubtless would arise in many cases in the future if appellants' view of the law were accepted.

As we have already pointed out, no timely motion was made by appellants or anyone else nor any action taken to transfer cause No. 188–B pursuant to Art. 1970–17 from County Court at Law No. 2 to County Court at Law No. 1 where we think it be-

longed. As no objections were filed with Judge Giles within ten days after the commissioners filed their award, Judge Giles accepted and commissioners' award as final and entered an order accordingly. Art. 3266, subd. 7, V.A.C.S. It is obvious, under the record before us, that appellants preferred to undertake prosecution of their appeal in County Court at Law No. 2, and knowingly risked an adverse holding on the question presented in appellee's motion for summary judgment. Under the circumstances we believe cause No. 188-B in County Court at Law No. 2 was properly dismissed. Appellants' points on appeal are overruled.

The judgment of the trial court is affirmed.