**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**L. J. COOPER, Appellee.**

**No. 7018.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 25, 1958.

W. D. Brown, Quitman, Wynne & Wynne, Wills Point, Whitney R. Harris, Dallas, for appellant.

Howard C. Douglas, Quitman, for appellee.

DAVIS, Justice.

Appellant-condemner instituted a condemnation proceeding in Wood County to condemn a 20-foot right of way across a 10-acre tract of land belonging to appellee-condemnee. As revealed by the findings of fact, the following events took place:

(1) The condemnation proceeding was instituted by filing the petition in condemnation with the County Judge of Wood County on December 19, 1956;

(2) An order was entered by the County Judge appointing commissioners who duly and timely qualified;

(3) Notice was duly issued and timely served upon appellee, returnable on January 4, 1957;

(4) On January 4, 1957, appellants and appellees appeared before the commissioners;

(5) On appearance before the commissioners a mistake was discovered in the field notes in appellant's original petition for condemnation, which mistake was called to the attention of the commissioners and it was agreed between the parties that appellant could amend its petition and furnish appellee with a copy of same. An order was entered by the commissioners to this effect and filed among the papers;

(6) The amended petition was immediately filed and a copy furnished to counsel for appellee, and the original of the amended petition was later delivered to the Clerk of the County Court on the date of the hearing to be filed among the papers in the case;

(7) No additional notices were issued or served on appellee;

(8) By agreement of the parties the hearing was set for January 11, 1957;

(9) On January 11, 1957, all parties appeared before the commissioners and announced ready for trial;

(10) All parties appeared before the commissioners, testimony was offered by both appellant and appellee and arguments were presented by attorneys;

(11) The award was made by the commissioners, reduced to writing and filed with the County Judge on January 11, 1957;

(12) Appellee filed his exceptions to the award of the commissioners with the County Judge on January 17, 1957, and they were filed with the Clerk of the County Court on January 22, 1957;

(13) Appellee challenged the jurisdiction of the County Court by what he designates "exceptions" contending that the order of the commissioners was void because: (a) No notice of the filing of the amended pleadings before the commissioners was issued or served upon appellee; (b) no leave was granted by the County Court to file the amended petition and that the commissioners were without authority to grant such leave; (c) the amended petition was filed with the Clerk and not with the County Judge and that the County Court was without jurisdiction in the matter; (d) that the award of the special commissioners was insufficient and it did not state the purposes for which the easement and right of way was sought to be condemned; (e) the award of the commissioners did not contain a description of the land sought to be condemned; and (f) the award of the commissioners did not contain a statement of the cost nor assess the cost.

The foregoing exceptions were sustained by the trial court, and the case dismissed; hence the appeal.

Appellant brings forward five points of error. By Point 1 it complains of the action of the trial court in sustaining the exceptions and dismissing the case and says that instead the County Court should have entered a judgment on the award of the commissioners and contend that the objections to the award were not timely filed.

The record shows that the objections were filed with the County Judge within 10 days of the date of the award which was sufficient and within the time prescribed by law. Appellant takes the position that the objections should have been filed with the County Clerk and the filing with the County Judge was insufficient. Such is not the law. As pointed out in Henderson v. Texas Turnpike Authority, Tex.Civ.App., 308 S.W.2d 199, 201, filing of such objections with the Judge of the County Court or the County Clerk is sufficient to comply with the Rules and statutes. In that case the court said:

> "It is our further opinion that since the filing by the dissatisfied party of his objections changes the proceedings into a cause of action pending in duly constituted court, the petition or written objections may be filed either *with the Judge of the court or the County Clerk.* Rules 22, 24 and 74, Texas Rules of Civil Procedure; 16 Tex.Jur. *722–723.*" (Emphasis added).

The point is overruled.

Point 2 is more or less an alternative proposition stated in relation to the error in Point 1. The point is stated thus:

> "If the objections of the Condemnee to the decision of the Commissioners had been timely filed, the effect thereof would have been to vacate the award of the Commissioners and confer jurisdiction upon the County Court to try the cause de novo, and the order of the County Court dismissing the cause and proceeding was therefore error."

The order of the County Court dismissing the cause was error. When the objections were filed with the County Judge it completely did away with the proceedings before the commissioners and amounted to the filing of the case in a duly constituted court, Henderson v. Texas Turnpike Authority, supra, and either party is entitled to amend his pleadings. The Su-

preme Court of Texas in the very recent case of Coastal States Gas Producing Co., v. Pate, 309 S.W.2d 828, 833, said:

"Petitioners also contend that El Texano Land Company, one of the respondents, did not perfect an appeal from the award of the commissioners. We approve the holding of the Court of Civil Appeals on this point. The relevant facts are stated in its opinion and will not be repeated here. Although Texano's name did not appear in the introductory paragraph of the objections as originally filed, at least two paragraphs of the instrument disclosed that it was complaining of the damages awarded to it by the commissioners. The objections in this form were sufficient to perfect the company's appeal, *and the court could then allow it to amend and set up additional grounds for attacking the award.* See Gulf, C. & S. F. Ry. Co. v. Kerfoot, 85 Tex. 267, 20 S.W. 59. This was done, in effect, by permitting its name to be added to the list of defendants in the introductory paragraph."

Although the judgment of the Court of Civil Appeals was reversed (Tex.Civ.App. opinion, 302 S.W.2d 185), the Supreme Court affirmed the holding of the Court of Civil Appeals on this point. Point 2 is sustained.

Our holding on this point requires the judgment of the trial court to be reversed and remanded and the other points become immaterial and are respectfully overruled.

Appellee by his Counter-point 6 directly challenges appellant's Point 1. Since we overruled appellant's Point 1, we sustain appellee's Counter-point 6.

We have carefully examined all of appellee's other counter-points, find them to be without merit, and they are respectfully overruled.

The judgment of the County Court is reversed and the cause is remanded with instructions that the same be reinstated upon the docket of that court for trial upon its merits.

CHADICK, C. J., did not participate.