Howard G. PATTERSON, Petitioner,

v.

Drew S. CLIFTON, County Judge, et al.,
Respondents.

No. 15951.

Court of Civil Appeals of Texas.

Fort Worth.

June 20, 1958.

Donald C. Bubar and Melvin F. Adler, Fort Worth, for appellant.

**96**

Samuels, Brown, Herman, Scott & Young, and Jesse M. Brown, Fort Worth, for appellees.

PER CURIAM.

This is an original proceeding wherein petitioner, a condemnee in eminent domain proceedings, seeks a writ of mandamus to compel the Judge of the County Court at Law, Tarrant County, Texas, to hear and consider his motion to set aside and vacate the judgment entered pursuant to provisions of Vernon's Ann.Tex.Civ.St., Article 3266, Sec. 7, in the amount of the award of the Special Commissioners appointed pursuant to Article 3264, Sec. 2.

We have concluded that we improvidently granted leave to file the petition for mandamus, and that such order should be set aside and vacated and petitioner's motion for such leave be denied.

■ Question: Is jurisdiction of condemnation proceedings ever acquired by the County Court on or after the expiration of ten days following the filing with the County Judge of the award of the Special Commissioners pursuant to provisions of Article 3265, Sec. 5, when the condemnee has not filed an objection to said award prior to such expiration?

Answer: No jurisdiction is acquired by the County Court under such circumstances, and the action of the County Judge in entering the award of the Special Commissioners as a "judgment of the court" is a ministerial act not materially different from his act in appointing the Special Commissioners in the first instance.

We know of no case where the question posed has been under consideration, and have been cited to none. However, an excellent analysis of the question appears in the case of Fitzgerald v. City of Dallas, Tex.Civ.App. Dallas, 1930, 34 S.W.2d 682, error refused. In such case it is made clear that the author of the opinion concluded that the county court acquired jurisdiction of a condemnation case only in the event that within ten days after the decision of the Commissioners was filed with him objections thereto were filed in writing in accord with statutory provision. An additional discussion of the special character of jurisdiction under our eminent domain statutes, along with expression of opinion on the part of the author concerning the availability and form of appropriate equitable relief, is to be found in the case of City of Big Spring v. Garlington, Tex. Civ.App. Eastland, 1935, 88 S.W.2d 1095.

In the case of Henderson v. Texas Turnpike Authority, Tex.Civ.App. Dallas, 1957, 308 S.W.2d 199, 201, error refused, it is said, " * * * with the filing of objections by a dissatisfied party the condemnation proceedings are converted into a lawsuit as such for the first time. Up to that time the condemnation proceedings are only administrative proceedings in which the Judge acts as an administrative agent, not as the Judge of a court performing judicial duties in a pending lawsuit." See also the text and cases cited in 16 Tex. Jur., p. 726, "Eminent Domain," sec. 386, "Nature of County Court's Jurisdiction."

■ Without necessity of citation of authority it must be remembered that this court is ordinarily without authority to issue a writ of mandamus except in the preservation of its appellate jurisdiction. The instant situation presents no special circumstance made an exception to this general rule by any statute. It should be clear from what has been said that the court below has never yet been clothed with any jurisdiction. Under these circumstances it necessarily follows that this court has no appellate jurisdiction to preserve and no power to grant the relief prayed for herein.

Our order granting leave to file petition for mandamus is vacated and petitioner's motion for leave to file the same is denied.