J. O. BOOTHE, Petitioner,

v.

Judge E. C. NELSON et al., Respondents.

No. 6895.

Court of Civil Appeals of Texas.
Amarillo.
Feb. 16, 1959.

Huff & Splawn, Lubbock, Forrest Bowers, Lubbock, of counsel, for relator.

Culton, Morgan, Britain & White, Amarillo, for respondents.

NORTHCUTT, Justice.

This is an application for a writ of prohibition seeking to direct the District Judge, District Clerk and others to cease and desist from asking for and/or issuing a writ of execution. One of the parties set out in the application for a writ of prohibition, Delmar Durrett, secured a judgment for $13,000 as against the petitioner herein. It was shown that the petitioner herein was appealing that case to this Court, and here seeks to have the writ of prohibition entered so as to leave everything status quo until the appeal is disposed of.

When this application was heard the respondents announced in open court they did not intend getting out an execution and never had intended to get one out until the appeal was disposed of. This, we think, would make the issuing of such a writ a useless thing. However, the petitioner herein had a complete and adequate remedy without the issuance of a writ of prohibition, and a writ of prohibition should not be issued when there is a complete and adequate remedy. If petitioner desired to prohibit the issuance of the writ of execution, he had the complete and adequate remedy of making the supersedeas bond. It is true petitioner alleged he was financially unable to make the supersedeas bond. The remedy existed and the fact that petitioner was unable to make the bond and proceed with the remedy provided him by law, would not authorize us to issue the writ of prohibition. In the case of Prince v. Miller, 123 Tex. 118, 69 S.W.2d 52, 55, by the Commission of Appeals and adopted by the Supreme Court, it is said:

"In the case of Love v. Wilcox, 119 Tex. 256, 28 S.W.(2d) 515, 521, 70 A.L.R. 1484, in discussing section 3 of article 5 of the Constitution with respect to the Supreme Court issuing a writ of mandamus, Mr. Justice Greenwood said: 'Ordinarily rights may be enforced in a mandamus proceeding by suit in the district court, appealed to the Court of Civil Appeals, and brought to the Supreme Court by writ of error. Where these ordinary remedies are complete and adequate, the extraordinary original jurisdiction of the Supreme Court or of the Court of Civil Appeals cannot be successfully invoked. Buvens v. Robison, Land Commissioner, 117 Tex. 541, 8 S.W.(2d) 664; International & G. N. R. R. Co. v. Pleasants, 116 Tex. 568, 296 S.W. 282; Queen v. Lambourn Valley R. Co., L.R. 22 Q.B.Div. 463; Ex parte Riddle, 255 U.S. 450, 41 S.Ct. 370, 65 L.Ed. 725.'"

See also the case of Stone v. Kuteman, Tex.Civ.App., 150 S.W.2d 107, 109, where it is stated:

"It has also been said that in 'the absence of a statute expressly permitting it, the general rule is that prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are adequate and available. Accordingly if a complete remedy lies by appeal, writ of error, writ of review, certiorari, injunction, mandamus, motion for change of venue, or in any other manner, the writ should be denied.' 22 R.C.L. 9, para. 8."

Writ of prohibition denied.