

# Office of the Attorney General
## State of Texas

**DAN MORALES**
*ATTORNEY GENERAL*

May 22, 1991

Mr. Arnold W. Oliver, P. E.
Engineer-Director
State Department of Highways and
   Public Transportation
Dewitt C. Greer Building
11th & Brazos
Austin, Texas 78701-2483

Opinion No. DM-26

Re: Fees payable to county and district clerks in eminent domain cases and when fees are payable by state agency (RQ-14)

Dear Mr. Oliver:

You have requested our opinion as to when and in what amount fees are payable by the Department of Highways and Public Transportation to district and county clerks in eminent domain, or condemnation, proceedings. *See generally* Attorney General Opinions MW-447, MW-447A (1982) (state not exempt from filing fees in civil cases in district court).

Section 118.052 of the Local Government Code, establishes a fee schedule to be charged by county clerks. That statute provides, in pertinent part:

> Each clerk of a county court shall collect the following fees
> for services rendered to any person:
>
> (1) CIVIL COURT ACTIONS
>     (A) Filing of Original Action (Sec. 118.053):
>         (i) Garnishment after judgment...........................$15.00
>         (ii) All others.................................................................$40.00

Since a condemnation proceeding is not a "[g]arnishment after judgment," it must perforce be included within the "[a]ll others" category listed above. In Attorney General Opinion M-142 (1967) at 2, however, this office declared that "a condemnation, in its initial stage, is not a cause, action, or suit in a Court, but is an administrative proceeding." The opinion relied for this proposition on the court's

language in *Henderson v. Texas Turnpike Auth.*, 308 S.W.2d 199 (Tex. Civ. App.--Dallas 1957, writ ref'd), wherein the court said:

> It is our opinion that with the filing of objections by a dissatisfied party the condemnation proceedings are converted into a lawsuit as such for the first time. Up to that time the condemnation proceedings are only administrative proceedings in which the Judge acts as an administrative agent, not as the Judge of a court performing judicial duties in a pending lawsuit.

*Id.* at 201; *see also Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962). Thus, according to Attorney General Opinion M-142 at 2, fees in such cases "are not payable until an objection is filed by the condemnor or a judgment is entered."

In our view, this conclusion is correct. Thus, as to condemnation proceedings filed in county court, the applicable fee is $40.00, but such fee is not payable until either an objection is filed or a judgment is entered.

Section 51.319 of the Government Code provides that:

> The district clerk shall collect the following fees for services performed by the clerk:
>
> . . . .
>
> (5) for performing any other service prescribed or authorized by law for which no fee is set by law, a reasonable fee.

A 1974 opinion of this office, Attorney General Opinion H-453, construed article 3928, V.T.C.S., the predecessor of this provision, to cover the proper fee which "a district clerk is permitted to charge in an eminent domain proceeding." The opinion concluded:

> In view of the fact that the Legislature has set a fee of twenty five dollars to be charged by county clerks for services rendered

in condemnation cases, in our opinion a similar fee would not be unreasonable if charged by district clerks in such cases.

The opinion did not address the question of *when* a fee must be paid for condemnation proceedings filed in district court. Section 51.317 of the Government Code provides:

> (a) The district clerk shall collect at the time the suit or action is filed the fees provided by Subsection (b) of this section for services performed by the clerk.

> (b) The fees are:

> (1) for filing a suit, including an appeal from an inferior court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $35

As *Henderson*, *supra*, established, however, a condemnation proceeding is not initially a *suit*. Thus, neither the fee schedule nor the time of payment provisions of section 51.317 are relevant to the filing of such proceedings.

In our opinion, the conclusion of Attorney General Opinion H-453 is correct: a fee collected by a district clerk under section 51.319(5) may be deemed "reasonable" if it is set no higher than the fee charged by a county clerk in similar proceedings, which is, in this case, a maximum of forty dollars. As to the time of collection, we believe that since section 51.319 is silent as to the time of collection, it is most reasonable to presume that the legislature intended that any fee be paid at the time the proceeding is initiated. Thus, as to condemnation proceedings filed in district court, the maximum fee which may be charged to a condemnor is forty dollars, and such fee is due at the time the condemnor initiates the proceedings in district court.

## SUMMARY

A county clerk is authorized to assess a fee of $40 for condemnation proceedings filed in county court, but such fee is not due until either an objection is filed to

the condemnation or a judgment is entered. A district clerk is authorized to assess a *reasonable* fee, not to exceed $40, in condemnation proceedings. Such fee is payable at the time the condemnor initiates the proceedings.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General