# OCTOBER 1907.

GUSTAV TOLLE v. HERMAN TOLLE.

No. 1720.   Decided October 23, 1907.

**Jury Trial—Letters of Administration.**

The right to trial by jury secured by article 5, section 10, of the Constitution extends to a contest in the District Court over the right to be granted letters of administration upon the estate of a decedent.   (P. 33.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Comal County.

*F. J. Maier,* for appellant.

*Guinn & McNeill,* for appellee.—The ruling of the court refusing a jury to appellant in this case was correct, as it was not a matter for a jury to determine.   Rev. Stats., arts 1913, 1855; Rogers v. Kennard, 54 Texas, 30; Moody v. Found, 208 Ill., 78; Duffield v. Walder, 102 Iowa, 676; Wills v. Lochnane, 9 Bush, 547.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question.   Herman Tolle made application in the County Court of Comal County, sitting for probate purposes, for letters of administration upon the estate of Emil Tolle, deceased.   The application was contested by Gustav Tolle.   The County Court granted the letters and Gustav appealed to the District Court.   When the case was called for trial in the latter court Gustav demanded a jury, which was denied him.   The trial again resulted in the grant of letters.   The contestant appealed to the Court of Civil Appeals and assigned as error the action of the District Court in denying him a trial by jury.   The question certified and propounded is, in substance, did the District Court err in its ruling upon the point?

We are of opinion, that the question should be answered in the affirmative.   Section 10 of Article V of our Constitution provides that "in the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be impaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum and with such exceptions as may be prescribed by the legislature."   Language can not be more comprehensive than this.   Hence if a probate proceeding is properly styled a "cause," this section undoubtedly gives a right of trial by jury.   Bouvier defines a cause as "a suit or action.

Any question civil or criminal contested before a court of justice." The questions in this case are certainly questions contested before a court.

But we think that if there could be any controversy as to this matter it is definitely settled in the case of Cockrill v. Cox (65 Texas, 669) referred to by the Court of Civil Appeals in their certificate. That was a case of a contest of the probate of will which originated in the County Court and was subsequently transferred to the District Court. It was there held that a jury trial was properly allowed upon demand by the contestant. We do not think the fact that in contest of the probate of will property rights are necessarily involved, can make any difference. It is not a question of the nature of the contest, but merely is there a matter of fact for a jury to determine. We are unable to distinguish the question before us from that decided in Cockrill v. Cox.