LYNCH et al. v. AMERICAN MOTORISTS INS. CO.

Civ. A. No. 2181.

United States District Court
N. D. Texas, Fort Worth Division.

Dec. 6, 1951.

Kenny &' Mattison, Dallas, Tex., and Chas. P. Atkinson, Fort Worth, Tex., for plaintiffs.

Bryan, Stone, Agerton & Parker, Fort Worth, Tex., for defendant.

DOOLEY, District Judge.

This suit is brought under the Texas Workmen's Compensation Law.[1] In June 1950 Anita R. Lynch, the wife of John Lynch, became an employee of Consolidated-Vultee Aircraft Corporation, at Fort Worth, Texas, and afterwards while so employed sustained personal injury about her work in February 1951. The employer was a compensation subscriber. She, acting alone, gave notice of such injury, and filed a claim for compensation in compliance

[1]. Title 130, Revised Civil Statutes of Texas 1925, Vernon's Ann.Civ.St. art. 8306 et seq.

with the law. The Industrial Accident Board rendered an award. The said claimant, being dissatisfied, within 20 days thereafter gave notice of appeal, and again within 20 days after said notice, still acting alone, filed suit on her compensation claim against the insurer, American Motorists Insurance Company, in a State district court of Tarrant County, Texas. The defendant removed the suit to this court. The said original plaintiff, Anita Lynch, as "plaintiff" and her husband, John Lynch, as "co-plaintiff", then filed an amended petition against the defendant in this court, suing on the same claim which the wife had presented to the Industrial Accident Board and alleged in this suit as first filed in the State court, but said joinder by her husband in this court came well after the statutory limitation period of 20 days for filing suit on appeal from the board. The said John Lynch and Anita R. Lynch were man and wife living in Fort Worth, Texas, during all of the time herein mentioned, and he had never abandoned her nor refused to prosecute the said compensation claim in the aforesaid course thereof from the board to the court.

The defendant has filed a motion to dismiss resting on the theory that since the compensation claim constituted community property the husband had the sole power and authority to prosecute same and he was not a party to the claim before the board, and more particularly did not institute and prosecute this suit within the limitation period for an appeal from the award of the board. There seems to be no decision on this specific point in Texas.

Of course the husband primarily has the exclusive conduct of litigation respecting community property, but this is not absolute and the wife may act if the husband shirks his responsibility, so it follows that the husband's prerogative is rather a priority reflected in the statutes governing spouses in their property rights, instead of any strict incapacity on the part of the wife. Looking at the particular background here there is really no novelty in the fact that a married woman, living as such with her husband, can, just like other persons, be an "employee" under the compensation law. The statutory scheme does not say so outright but there is no doubt about the clear implication[2], and as a matter of common knowledge it is so understood in the settled administration of the law. In other words it is an accepted reality that a married woman acting for herself may become a party to the tri-partite contract discernable in the compensation law. Moreover the law directs that in event of compensable injury and incapacity the insurer shall "pay the injured employe" certain compensation[3]. Further an appeal from a ruling of the board to the court may be taken by "any interested party", and whenever such suit is brought "the rights and liability of the parties thereto shall be determined by the provisions of this law"[4]. Also it may be pointed out that such control as the husband has over a claim for his wife's injuries under the compensation law is not without special qualification, and particularly, unlike his control over most community claims, one of this kind can not be settled and compromised merely on his own approval, but would still require approval of the board or the court.[5] If a wife has the capacity as an employee of a subscriber to waive any common law claim for personal injuries and substitute in lieu thereof the statutory plan of compensation,[6] she certainly in so doing would affect the potential community interest, and it would be only a short step more to assume that she might rightfully assert any such compensation claim in the administrative tribunal. In view of the administrative informality it would be technical and unreasonable to hold otherwise, at least where the husband acquiesces in such act of his wife, and in this instance so far from any objection the later joinder by the husband manifested his full ratification. No court ruling to the contrary has been cited. The board in this case also prima facie acquiesced knowingly in

2. Art. 8306, Sec. 8a, R.S.1925.

3. Art. 8306, Secs. 10 and 11.

4. Art. 8307, Sec. 5.

5. Art. 8307, Sec. 12.

6. Art. 8306, Sec. 3a.

the procedure adopted as the notice of injury form contained an entry giving the name of the claimant's husband.

 Now for the transition from board to court. Certain it is that a married woman's right of property "in the community effects is that of real ownership, equal to that of the husband".[7] They hold the community property in a joint and united ownership. This ought to be enough to show that the present wife was an "interested party" for the purpose of an appeal from the award of the board. At least her husband's precedence only meant a defect of the party plaintiff and did not forestall the jurisdiction of the district court. The alleged industrial injury was the cause of action, and every procedural step was done to vest jurisdiction in the district court.

 The defendant lays most stress on the circumstance that the husband did not join as a party plaintiff in this suit until after the limitation period had expired, rather than any contention that all proceedings on this claim were void from the inception. The joinder of the husband, however, did not transform the suit. He simply stepped in the case where it stood but without any change whatever in the cause of action. The Supreme Court of Texas in speaking of a suit originally brought by the husband to recover damages for personal injuries to his wife, where the husband later refused to go ahead with the suit and his wife was then substituted as plaintiff, said that the suit still remained "a continuation of the original action filed by the husband".[8] The same in reverse may be said with equal force in this present suit. Limitation statutes are not enacted for the sake of defeating legal claims, but only to require notice of such claims within a reasonable time and thus guard against the unfair handicaps of defending against unfounded and belated suits. Here the defendant had timely notice of the compensation claim when pending before the Industrial Accident Board, and notice again when the appeal was taken well within the time allowed for filing suit in court. The courts deal reasonably with limitation statutes. An addition of a party as well as a substitution of parties in a suit timely filed may often be made without hindrance though after the particular limitation has expired. This rule has been recognized by the courts of Texas. In a timely suit mistakenly brought by counsel in the name of one not interested in the subject matter, being only an agent of the real party in interest, the actual owner of the cause of action was substituted as the party plaintiff after the limitation period had expired, and the court rejected the contention that the suit was barred.[9] Other cases of like trend are noted.[10] The policy that limitation statutes should be relaxed to avoid undue harshness where this can be done consistently with the true reason of such statutes has now been confirmed by legislative act in Art. 5539b of Vernon's Revised Civil Statutes of Texas.[11] There remains to be noticed one more important case decided by a Texas court. It is parallel to this case in all respects material to the present inquiry, except that it arose under the Texas Unemployment Compensation Act, Vernon's

7. Magnolia Petroleum Co. v. Still, Tex.Civ. App., 163 S.W.2d 268, 270.

8. McAdams v. Dallas Railway & Terminal Co., Tex.Sup., 229 S.W.2d 1012, 1014.

9. Howard v. Stahl, Tex.Civ.App., 211 S. W. 826.

10. Jeffress v. Western Union Telegraph Co., Tex.Civ.App., 187 S.W. 514; Fidelity & Deposit Co. of Maryland v. Reed, Tex.Civ.App., 150 S.W.2d 836.

11. "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

Ann.Civ.St. art. 5221b–1 et seq. instead of the Texas Workmen's Compensation Act. There, as here, the claim was filed and prosecuted at the administrative level by the wife alone, and upon an unsatisfactory ruling the wife alone filed a timely suit on appeal in court, and then after the limitation period had expired an amended petition joining the wife and husband was filed in court. A plea of limitation was then interposed. The court of civil appeals ruled against such plea of limitation.[12]

The defendant's motion herein is accordingly overruled.

12. Texas Unemployment Compensation Commission v. Frank, Tex.Civ.App., 229 S.W.2d 399.