REPUBLIC NATIONAL BANK OF DALLAS, Appellant,

v.

H. Lang ROGERS, Appellee.

No. 5973.

Court of Civil Appeals of Texas, Waco.

Dec. 21, 1978.

Rehearing Denied Jan. 18, 1979.

James L. Drought and Calhoun Bobbitt, Brite, Drought, Bobbitt & Halter, San Antonio, for appellant.

Eugene D. Stewart, Petry & Petry, Carrizo Springs, for appellee.

HALL, Justice.

This is a trespass to try title action in which defendant's plea of the three year statute of limitation was sustained, and summary judgment was rendered that plaintiff take nothing. The single question

on this appeal is whether the limitation period relied upon by defendant was tolled by a suit filed by plaintiff against defendant in Federal Court, and dismissed by the Federal Court for want of jurisdiction, during the limitation period. We hold limitation was tolled, and reverse the judgment.

Summary judgment is proper if the proof establishes there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Rule 166–A(c), Vernon's Tex.Rules Civ. Proc.; *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972).

In the form brought to us by the parties, the facts are undisputed. Resolution of the question on appeal turns on the application of Articles 5507, 5514, 5539a, and 5539b, Vernon's Tex.Civ.St., to those facts. In pertinent parts the statutes provide as follows:

> Article 5507. Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward.

> Article 5514. "Peaceable possession" is such as is continuous and not interrupted by adverse suit to recover the estate.

> Article 5539a. When an action shall be dismissed in any way . . . because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal . . . becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation . . .

> Article 5539b. Whenever any pleading is filed by any party to a suit embracing any cause of action . . . and at the time of filing such pleading such cause of action . . . is not subject to a plea of limitation, no subsequent amendment . . . changing any of the facts or grounds of liability . . . shall be subject to a plea of limitation, provided such amendment . . . is not wholly based upon and grows out of a new, distinct or different transaction and occurrence . . .

This suit was filed on April 11, 1977, in the District Court of Dimmit County, Texas, by plaintiff-appellant Republic National Bank of Dallas, in its capacity as Independent Executor of the Wills of Erin Bain Jones and Sue Bain Groves, against defendant-appellee H. Lang Rogers, who resides in the State of Missouri, to recover title and possession of 56.78 acres of land located in Dimmit County. Plaintiff alleged that on January 7, 1974, defendant unlawfully entered upon the land in question (described by metes and bounds) and dispossessed plaintiff's decedent Erin Bain Jones thereof; that on that day Erin Bain Jones was owner of the land in fee simple and was entitled to legal possession; that in its representative capacity plaintiff now owns the land in fee simple and is entitled to possession; and that defendant still withholds possession of the property from plaintiff. Plaintiff also pleaded for lost rents at the rate of $3.00 per acre per annum since January 7, 1974, for $1,200.00 damages for destruction of a fence on the property by defendant, and for an injunction to keep defendant off the property pending trial. Plaintiff prayed for judgment for title to and possession of the property and for its damages, and for issuance of the injunction pending determination of title.

Defendant answered with a general denial and a plea of not guilty, and pleaded certain two year statutes of limitation in bar of plaintiff's claim for money damages. Then, defendant admitted that he has been in possession of the 56.78 acres sued for by plaintiff "since January 7, 1974, and remains in possession thereof," and alleged that plaintiff's claim for title and possession of the property was barred under the provisions of Article 5507, "because the Defendant has been in adverse and peaceable possession of the property under title or color of title for over three years prior to the institution of this suit."

Eventually, defendant moved for summary judgment under the three year statute of limitation. The motion was based on the pleadings which establish defendant's possession of the property from January 7, 1974, until the filing of this suit on April 11, 1977, and other proof in the record showing that defendant's possession was under title or color of title. The motion was granted and summary judgment was rendered that plaintiff take nothing. Plaintiff brought this appeal.

Although in the trial court plaintiff questioned the sufficiency of defendant's proof of title for purpose of summary judgment, it does not do so on appeal. In its single point of error plaintiff asserts that the court erred in holding that a suit filed against defendant in the United States District Court for the Western District of Texas, San Antonio Division, by plaintiff and Sue Bain Groves as Independent Executors of the Will of Erin Bain Jones, which was originally filed on January 17, 1975, and was finally dismissed for want of jurisdiction on February 25, 1977 (within 60 days of the filing of the present suit) did not interrupt defendant's "peaceable possession" of the property during the limitation period relied upon by defendant, and thereby save plaintiff's present action from operation of the limitation statute under the provisions of Article 5539a.

Authenticated copies of the proceedings in the Federal Court case, including a copy of the federal appellate court's opinion, are parts of the summary judgment record. That proof shows that on January 17, 1975, plaintiff Republic National Bank of Dallas and Sue Bain Groves, acting in their capacities as Independent Executors of the Will of Erin Bain Jones filed suit against defendant H. Lang Rogers, a citizen of the State of Missouri, alleging that on January 7, 1974, defendant unlawfully tore down a fence and entered upon the 56.78 acres in question (described by metes and bounds) and dispossessed Erin Bain Jones of the property; that on that day Erin Bain Jones was owner of the land in fee simple and was entitled to possession; that plaintiffs in their representative capacities were entitled

to legal possession of the property; that defendant withheld possession from them; and that plaintiffs were entitled to rental on the property from defendant at the rate of $3.00 per acre per annum during defendant's occupation of the premises and to $1,200.00 for damage to the fence. Plaintiffs prayed for judgment for possession of the property and for their damages.

On January 31, 1975, plaintiffs filed their first amended complaint, containing two counts, in the Federal Court. The first count was a verbatim restatement of the pleadings set forth in the original complaint. The second count contained pleadings for "injunctive orders restoring and maintaining the status of said property as it existed prior to January 7, 1974." Plaintiffs prayed *"for possession and title to the property,"* for damages, and for an injunction restoring plaintiffs "to their prior and exclusive possession of said property."

On October 2, 1975, plaintiffs filed their second amended complaint. In it they abandoned their prayer in the prior pleading for title to the property.

On April 2, 1976, on defendant's motion, the Federal District Court dismissed plaintiffs' suit because the amount of damages they sought was below the court's jurisdictional amount. In its order of dismissal, the Court stated that although the assertion was made "that the amount in controversy is measured by the value of the land," that "nowhere is the value of the land mentioned by plaintiffs."

Apparently to avoid dismissal of their suit, on May 20, 1976, plaintiffs filed their third amended complaint in the Federal Court. In it they reasserted their pleas for damages for rent and fence destruction and for injunctive relief, and pleaded for additional damages based upon the market value of the property. They alleged that on January 7, 1974, and for many years prior thereto, Erin Bain Jones was the owner in fee simple of the 56.78 acres and she and her tenants were in peaceable, lawful and exclusive possession of the property; that on that day defendant forceably, unlawful-

ly, and maliciously tore down a fence on the property owned by Erin Bain Jones and entered upon and fenced off the property "and totally dispossessed her of same"; that "said trespass is so complete that it totally deprives the Plaintiffs of the use and enjoyment of the property"; and that the fair market value of the property was $13,343.30. Plaintiffs also pleaded for $5,000.00 exemplary damages. They prayed for the injunction restoring them "to their prior and exclusive possession of said property" and restraining defendant "from interfering with their peaceable and exclusive possession," and for their damages.

Notwithstanding the additional pleadings for damages set forth in the third amended complaint, the order of dismissal was continued in effect by the Federal District Court, and plaintiffs prosecuted an appeal to the United States Court of Appeals, Fifth Circuit. The order of dismissal was affirmed by that Court. In the course of its opinion [*Groves v. Rogers*] (reported at 547 F.2d 898) the Court of Appeals stated:

"This action stems from a boundary line dispute between the late Erin Bain Jones and the appellee . . .

.   .   .   .   .   .

"The proceedings below were initiated by a complaint and subsequently an amended complaint in which appellants requested possession and title to the 56-acre area in dispute. Appellee filed a motion to dismiss on the grounds that under Rule 19 of the Federal Rules of Civil Procedure appellants failed to join indispensable parties and if joined those parties would destroy the diversity between plaintiffs and defendants. Appellants filed a second amended complaint with their response to the motion deleting the prayer for title and seeking injunctive relief and damages. The court below dismissed the action because the amount in controversy was insufficient to invoke federal court jurisdiction. A motion to alter judgment was subsequently filed by appellants with a third amended complaint; however, upon consideration, the district court affirmed its order of dis-

missal. It is that dismissal that appellants have appealed to this court.

"The facts indicate this is really a title dispute and the Supreme Court of Texas has decided that '. . . the issue of ownership which includes boundary disputes between adjacent landowners could not be decided by a suit to enjoin the erection of a fence but should be adjudicated in a suit for trespass to try title.' *Frost v. Mischer*, 463 S.W.2d 166, 168 (Tex.1971). If suit had been brought to try title (as it originally was) as required under *Frost* the value of the property in question would as a matter of law be included in determining the amount in controversy under 28 U.S.C. § 1332 . . . However, in this case if appellants had continued their suit for trespass to try title, diversity jurisdiction would have been extinguished [for the reason that] . . . in this case ownership of the mineral estate is shared by appellee [Rogers], Sabine Royalty Corporation, and two others. As mentioned above, Sabine Royalty Corporation is a Texas corporation and as an indispensable party its joinder in the action would destroy diversity between the parties. For this reason, the trial judge would have to dismiss for lack of subject matter jurisdiction.

"Appellants, in a deliberate attempt to avoid the diversity problem, dropped the suit for trespass to try title. In so doing they have reduced the amount in controversy to below that mandated by the statute. This attempt to invoke federal court jurisdiction is futile because none exists. For the above reasons we affirm the decision of the Court below."

■ We agree with plaintiff that the suit in Federal Court was an "adverse suit" within the meaning of Article 5514 sufficient to interrupt the limitation period relied on by defendant. Rule 783, Vernon's Tex.Rules Civ.Proc., sets forth the following requisites of the petition in a trespass to try title action:

(a) The real names of the plaintiff and defendant and their residences if known.

(b) A description of the premises by metes and bounds  .   .   .

(c) The interest which the plaintiff claims in the premises, whether it be a fee simple or other estate  .   .   .

(d) That the plaintiff was in possession of the premises or entitled to such possession.

(e) That the defendant afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof.

(f) If rents and profits or damages are claimed, such facts as show the plaintiff to be entitled thereto and the amount thereof.

(g) It shall conclude with a prayer for the relief sought.

All the complaints filed in the suit in Federal Court contained those allegations basic to a title action. The only pleading lacking in each except the first amended complaint was a prayer for title. Under the provisions of Article 5539b that prayer could have been added at anytime by amendment. True, seeking to maintain the suit in the Federal Court, plaintiffs deliberately dropped that prayer from their complaint, but the record does not show and defendant does not assert that was not done in good faith by the plaintiffs. The point we make is that from the beginning of the suit in Federal Court on January 17, 1975, until the present time, plaintiff's pleadings have contained every count essential to a trespass to try title action, including counts of superior title in plaintiff and unlawful dispossession by defendant. Under the savings provisions of Articles 5539a and 5539b, those allegations are now properly before the court in our case with a prayer for judgment for title. Those statutes are remedial, designed to protect a litigant from loss of his cause of action by a plea of limitation under circumstances under which that would otherwise occur. They should be liberally construed and applied to effect that purpose. *Butler v. Express Pub. Co.*, 126 S.W.2d 713, 714 (Tex.Civ.App.–San Antonio 1939, writ ref.); *Burford v. Sun Oil Co.*, 186 S.W.2d 306, 310 (Tex.Civ.App.–Austin 1945, writ ref. W.M.). It is noteworthy that in *Burford*, the suggestion that Article 5539a did not apply to suits dismissed by federal courts was expressly rejected.

■ Defendant argues that because plaintiff dropped the issue of title from its pleadings in the Federal Court, and because that issue was not before the Court when the case was dismissed, it was effectively abandoned and not brought forward in the case at bar under the provisions of Article 5539a. Defendant emphasizes the words "such action dismissed" in the statute. We reject that argument. Under the statute, the case before us is a continuation of the suit originally filed in Federal Court. The "action" brought forward was the one pleaded there, and any permissible amendments to it under Article 5539b. As we have previously stated, the pleadings in Federal Court contained all allegations necessary to try title to the property simply by tacking on a prayer for that relief. In *Spears v. Bankers Mortg. Co.*, 191 S.W.2d 807 (Tex.Civ.App.–San Antonio 1946, writ ref'd n.r.e.) the owner of vendor's lien notes filed an action on August 30, 1937, against the vendees who were in possession of the land securing the notes. The plaintiff's petition contained two counts: one seeking a recovery in trespass to try title upon the superior title which plaintiff claimed to hold, and the other, alternatively, seeking a judgment upon the notes executed by defendants and foreclosure of the vendor's liens given to secure the notes. Thereafter, a subsequent purchaser of the notes was substituted as plaintiff by the filing of an amended petition on September 15, 1941. The petition, however, did not contain a count in trespass to try title, but sought judgment upon the notes and foreclosure of vendor's liens. Later, Bankers Mortgage Company purchased the notes and it was substituted as plaintiff by an amended petition filed March 26, 1945. That petition, upon which the case was tried, contained a count in trespass to try title, as well as counts seeking foreclosure of the vendor's liens. Defendants pleaded the ten year statute of limitation (Article 5510). In sub-

mitting limitation to the jury the trial court restricted defendants to "any period of ten consecutive years" prior to the filing of the suit in 1937, and refused defendants' request that the issue relate to any ten year period prior to March 26, 1945, the date of the filing of Bankers Mortgage Company's petition. The trial court's ruling was affirmed on appeal where it was held that the suit filed in 1937 was an adverse suit under Article 5514, which from and after its institution prevented the possession of defendants from being regarded as peaceable under the statute. The court said, "The right to recover judgment for the land upon the superior title is a right which arose out of the transaction or occurrence which also gave rise to a right in the vendor or his assigns to recover judgment upon the notes (in the event of nonpayment) and have a foreclosure of the vendor's lien ordered." It was held that the omission of the trespass to try title count from the amended petition "did not work a discontinuance" of that cause because the petition was subject to amendment "and the amendment which was made by reasserting the right of recovery based upon the superior legal title came within the provisions of Article 5539b, Vernon's Ann.Civ.Stats. Consequently a successful plea of limitation cannot be asserted against it."

If it can be said that the original complaint in the Federal Court did not set up a trespass to try title action, the first amended complaint filed on January 31, 1975, expressly did so and interrupted defendant's "peaceable possession" under Article 5514 at that time. Under the holding in *Bankers Mortgage Company* plaintiff's amendment of its pleadings in our case reasserting that action comes within the provisions of Article 5539b.

Let us suppose, as defendant asserts, that under Article 5539a plaintiff was committed to refiling the identical pleadings on which the dismissal was based, and that it did so. Those pleadings sought determination by way of injunction of what is essentially a boundary dispute between the parties. In *Frost v. Mischer*, 463 S.W.2d 166 (Tex.Sup.1971) the Court held such disputes cannot be determined by injunction, but must be adjudicated by a trespass to try title action, and sustained the trial court's dismissal of plaintiffs' suit for injunction after they refused over exception to amend their pleadings and incorporate the title issue. Accordingly, in our case, after refiling by plaintiff under defendant's construction of Article 5539a, defendant surely would except to plaintiff's petition under the holding in *Frost*, plaintiff would amend (properly, under Article 5539b and *Frost*) to plead for title, and the pleadings would then stand in their present position.

Defendant's remaining arguments for affirming the summary judgment are also without merit.

The judgment is reversed and this case is remanded for trial.