Foy **BRADLEY, Individually and as Personal Representative of the Estate of Jo Ann Bradley, Deceased, and as Next Friend of Shannon Bradley and William Scott Bradley, Minors, Appellants,**

v.

Houshang **ETESSAM, M.D., Appellee.**

No. 05–83–01185–CV.

Court of Appeals of Texas, Dallas.

Nov. 26, 1985.

Rehearing Denied Jan. 14, 1986.

Paula Sweeney, Law Offices of Windle Turley, P.C., Dallas, for appellants.

Mark A. Stinnett, A. Brent Cooper, Cowles, Sorrells, Patterson & Thompson, Dallas, for appellee.

Before TUNKS[1], C.J., and ALLEN and KEITH[2], JJ.

ALLEN, Justice.

This is a medical malpractice case, subject to the provisions of the Medical Liability and Insurance Improvement Act of Texas, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.1985). Foy Bradley, plaintiff in the trial court, and surviving husband of Jo Ann Bradley, alleged that the defendant, Dr. Houshang Etessam's failure to timely diagnose and treat the breast cancer of his deceased wife, Jo Ann, proximately caused her to suffer pain and, ultimately, death. Bradley alleges that his wife, Jo Ann, consulted Dr. Etessam concerning a lump in her right breast on numerous occasions between January 1, 1979 and February 1, 1980, and that she was repeatedly told that the lump was not cancerous. On February 4, 1980, surgery was performed on her right breast and cancer was confirmed. On September 23, 1980, surgery

---

1. The Honorable Bert H. Tunks, Chief Justice, Fourteenth Court of Appeals, Houston, retired, sitting by assignment.

2. The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

was performed on her left breast and she was found to have metastatic carcinoma of that breast.

This suit was originally filed while Mrs. Bradley was alive, on December 11, 1981. Both Mr. and Mrs. Bradley were named as plaintiffs in the original petition. They sought damages they had sustained up to that time, including Mrs. Bradley's pain and suffering, medical expenses, and Mr. Bradley's loss of his wife's services.

On April 16, 1982, Mrs. Bradley died. On February 7, 1983, Mr. Bradley filed a first original amended petition adding causes of action under the Texas Wrongful Death Act, TEX.REV.CIV.STAT.ANN. art. 4671, *et seq.* (Vernon Supp.1985), and under the Texas Survival Statute, TEX.REV.CIV. STAT.ANN. art. 5525 (Vernon 1958).

On March 7, 1983, a second amended original petition was filed and became the plaintiff's trial pleading. In that pleading Mr. Bradley, for himself and as representative of his minor children, sought to recover damages sustained by Mrs. Bradley before her death under the Survival Statute. In addition under the Wrongful Death Act and under a "bystander" theory, Mr. Bradley, for himself, sought recovery for mental pain and anguish, past and future, loss of household services of his wife, loss of financial contribution to the family unit and loss of consortium, and for the surviving children, both under age twelve, Mr. Bradley sought recovery for their mental pain and anguish, past and future, and their loss of the support, care, advice, attention and counsel of their mother.

After Bradley filed his second amended original petition, Etessam filed a motion for partial summary judgment. In that motion Etessam asked for judgment in his favor as to Mr. Bradley's claim and his children's claims under the Wrongful Death Act, contending that they were barred by limitations. He further sought summary judgment that the claims of Mr. Bradley for himself and on behalf of the minor children for mental pain and anguish were not recoverable under the Wrongful Death Act or any other theory.

The trial court granted Etessam's motion for summary judgment as to Mr. Bradley's claim and his children's claims under the Wrongful Death Act, holding that they were barred by limitations. The trial court also granted Etessam's motion for summary judgment as to the claims for the alleged injuries plaintiffs sustained under a "bystander" theory of recovery. The trial court denied Etessam's requested judgment that the plaintiffs were limited, in their actions under the Wrongful Death Act, to recovery of pecuniary losses caused by the death of Mrs. Bradley.

The trial court filed a memorandum in which it recited its rulings and the reasons therefor and later signed a written judgment. It severed plaintiffs' case under the Survival Statute, rendering the partial summary judgment final, and this appeal resulted.

We reverse the trial court's summary judgment as to the claims of Mr. Bradley and his minor children under the Wrongful Death Act and hold that neither Mr. Bradley's nor the children's causes of action under the Wrongful Death Act are barred by limitations. No error has been assigned to the trial court's ruling that the plaintiffs cannot recover under a "bystander" theory or to the trial court's ruling that plaintiffs may recover for non-pecuniary losses; thus we do not address those issues.

*The Husband's Wrongful Death Claim*

■ The trial court ruled that Mr. Bradley's wrongful death claim was barred by the limitations provision for medical malpractice suits set out in section 10.01 of article 4590i, which provides in part:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday

in which to file, or have filed on their behalf, the claim....

TEX.REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon Supp.1985). We hold that where suit is filed within this two-year limitations period, the plaintiff may later amend to assert additional causes of action arising out of the same transaction or occurrence, and these added causes of action will "relate back" under article 5539b.[3]

Etessam argues that all causes of action must be brought within the two-year period. In this regard, we note that the Texas Supreme Court recently addressed the application of the medical malpractice limitations provision in *Hill v. Milani,* 686 S.W.2d 610 (Tex.1985). In *Hill,* the Texas Supreme Court decided the narrow issue that article 5537, TEX.REV.CIV.STAT. ANN. (Vernon 1958), did not toll the two-year limitations period of article 4590i, section 10.01, TEX.REV.CIV.STAT.ANN. (Vernon Supp.1985), while the defendant was absent from the state. The Court emphasized the exclusive language in article 4590i, section 10.01: *"Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years...." (Emphasis added). The Court concluded that "article 5537 is not part of the statutory scheme for medical malpractice claims envisioned by the legislature." 686 S.W.2d at 611.

The issue presented in the present case, however, is not controlled by the *Hill* decision. In *Hill,* the plaintiff did not file his case within the two-year period and sought to defeat the limitations defense on the basis that article 5537 suspended the limitations provision of section 10.01. On those facts, article 5537 directly conflicted with the two-year limitations period for medical

malpractice suits established in section 10.01.

In the case at bar, however, Mr. Bradley did file suit within the two-year period. Because Mr. Bradley's action was timely filed, the limitations provision, section 10.01, has been complied with, and thus its "notwithstanding any other law" language is irrelevant as to further pleadings and proceedings in the case. Reliance on this exclusive, introductory language is misplaced where the conditions of the limitations provision have been satisfied. Where the action is timely filed, amendments may "relate back" to the date of the original petition under article 5539b. *Bradley v. Burnett,* 687 S.W.2d 53 (Tex.App.—Dallas 1985, no writ).

Close analysis of the medical malpractice statutory scheme supports our conclusion. Section 10.01 states that "no health care liability claim may be commenced unless the *action is filed* within two years from the occurrence of the breach or tort . . . that is the subject of the claim." TEX. REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon Supp.1985) (emphasis added). The statute defines "health care liability claim" as "a *cause of action* against a health care provider or physician," article 4590i, section 1.03(a)(4) (emphasis added), while the term *action* is not defined. The language of a statute is presumed to have been carefully selected, and every word or phrase is presumed to have been used intentionally with a meaning and purpose. *Perkins v. State,* 367 S.W.2d 140, 146 (Tex.1963); *Nichols v. William A. Taylor, Inc.,* 662 S.W.2d 396, 399 (Tex.App.—Corpus Christi 1983, no writ.) Thus, article 4590i, section 10.01 draws a distinction between a cause of action or "health care liability claim," and an "action."

---

**3.** Article 5539b provides:

Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such

amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require. TEX.REV.CIV.STAT.ANN. art. 5539b (Vernon 1958).

Article 4590i also directs that any undefined legal term should be construed consistent with its common law meaning. Article 4590i, section 1.03(b). We hold that the term *action* in section 10.01 means "suit." In *Whitfield v. Burrell*, 54 Tex. Civ.App. 567, 118 S.W. 153, 156 (Tex.Civ. App.1909, writ ref'd), the court interpreted the term *action* in a limitations statute to mean "suit." *See also Webb v. Allen*, 15 Tex.Civ.App. 605, 40 S.W. 342, 343 (Tex. Civ.App.1897, no writ) ("the words 'actions' and 'suits' employed in these [limitations] statutes ... are synonymous and interchangeable terms"). At common law, a "suit" is defined as the demand of one's right in a court of justice. *Ex parte Towles*, 48 Tex. 413, 433 (1877); *Webb*, 40 S.W. at 343. A *cause of action*, on the other hand, is "the facts necessary to be alleged and proved in order to obtain the relief sought, and on account of which the *action* is instituted." *Elmo v. James*, 282 S.W. 835, 839 (Tex.Civ.App.—Fort Worth 1926, writ dism'd w.o.j.) (emphasis added); *accord Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869, 873 (Tex.Civ.App.— Dallas 1980, no writ). *But see Hatten v. City of Houston*, 373 S.W.2d 525, 534 (Tex. Civ.App.—Houston 1963, writ ref'd n.r.e.).[4]

This interpretation of "action" as a suit comports with the context of the term *action* in section 10.01: "[N]o health care liability claim may be commenced unless the *action is filed* within two years...." Ordinarily, a *suit*, not a cause of action, is "filed." *See Webb*, 40 S.W. at 343 ("a suit or action can be only commenced by filing the petition with the clerk of the court"). This construction of section 10.01 gives effect to each sentence, clause, and word. *See Perkins v. State*, 367 S.W.2d 140, 146

(Tex.1963); *accord St. Clair v. Harris County Water Control and Improvement Dist.*, 474 S.W.2d 545, 548 (Tex.Civ.App.— Houston [14th Dist.] 1971, no writ) (particular meaning of word depends on context and subject matter).

We hold that a plaintiff who *files suit* within two years of the last day of treatment or breach or tort meets the section 10.01 requirements. A plaintiff may later amend to assert additional *causes of action* arising out of the same transaction or occurrence under article 5539b.

This interpretation of the statutory language of section 10.01 is consistent with the purposes of both article 4590i and article 5539b. The purpose of article 4590i is to reduce the frequency and severity of health care liability claims, decrease the cost of claims, assure that awards are rationally related to actual damages, and limit the length of time that potential malpractice defendants are exposed to possible liability. Article 4590i, section 1.02(b)(1)–(2); and *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983) (construing predecessor statute to article 4590i). The limitations provision achieves this purpose by compelling suit within a reasonable time, giving the opposing party a fair opportunity to defend while witnesses are available and the evidence is fresh. *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977). While section 10.01 purports to establish an absolute two-year statute of limitations, section 10.01 must be construed in light of article 4590i's purpose to modify the medical malpractice claims system "in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis." Article

4. The Houston Court of Appeals, in *Hatten v. City of Houston*, 373 S.W.2d 525 (Tex.Civ.App.— Houston 1963, writ ref'd n.r.e.), stated that "a cause of action has been defined as 'A suit or action ...'", relying on *Tolle v. Tolle*, 101 Tex. 33, 104 S.W. 1049 (1907); *Boothe v. Durett*, 343 S.W.2d 553 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.); and *City of Big Spring v. Garlington*, 88 S.W.2d 1095 (Tex.Civ.App.—Eastland 1935, no writ). *Hatten*, 373 S.W.2d at 533. All of the cited cases, however, define the term *cause*, not *cause of action*, as a suit or action.

*Tolle*, 101 Tex. at 33, 104 S.W. at 1050; *Boothe*, 343 S.W.2d at 556; *City of Big Spring*, 88 S.W.2d at 1095. Further, one of the authorities cited in *Hatten* states that one "cause" may contain more than one "cause of action." *State Road Department of Florida v. Crill*, 99 Fla. 1012, 128 So. 412, 415 (1930). Thus, we do not find *Hatten's* casual equation of the term *cause of action* with the term *action* to be persuasive precedent. The authorities cited in *Hatten*, however, do support our interpretation of "action" as meaning "suit."

4590i, section 1.02(b)(3). *See Lacy v. State Banking Board,* 118 Tex. 91, 105–106, 11 S.W.2d 496, 502–503 (1928) (statute must be construed as a whole).

Article 5539b allows an amendment to "relate back" to the date of the original petition and thus avoid the bar of limitations where the cause of action in the amended petition is based upon and grows out of the same transaction or occurrence alleged in the original petition. *Leonard v. Texaco, Inc.,* 422 S.W.2d 160, 163 (Tex. 1967) (no bar to amended petition which stated a contract cause of action while original petition stated tort cause of action where both claims grew out of same transaction). The policy behind article 5539b is that "limitation statutes should be relaxed to avoid undue harshness where this can be done consistently with the true reason of [the limitation] statutes." *Lynch v. American Motorists,* 101 F.Supp. 946, 949 (N.D. Tex.1951); *cf. Republic National Bank of Dallas v. Rogers,* 575 S.W.2d 643, 647 (Tex. Civ.App.—Waco 1978, writ ref'd n.r.e.) (5539b is remedial statute); *Brooks v. Texas Employers Insurance Association,* 358 S.W.2d 412, 415 (Tex.Civ.App.—Houston 1962, writ ref'd n.r.e.) ("remedial statutes" defined as those which correct defects in prior law).

The purpose of article 5539b is well served in a case such as the present one, where the original petition was filed within the limitations period, the plaintiff died after the limitations had run, and the plaintiff's representative now seeks to add a wrongful death cause of action. Allowing relation back under article 5539b, where the original petition was timely filed, does not conflict with the purposes of article 4590i, section 10.01. Dr. Etessam had notice of Mrs. Bradley's claim within two years after his medical treatment of her. Mr. Bradley's amendment, after his wife's death, to state a wrongful death cause of action, did not alter the facts of Dr. Etessam's transactions with Mrs. Bradley, nor did the amended petition change the nature of his defense. *See Leonard v. Texaco, Inc.,* 422 S.W.2d 160, 163 (Tex.1967) ("the difference in the [original] tort and [amend-

ed] contract actions in the present case would have little practical effect so far as trial preparation is concerned"). Amendment in this case would neither offend the policies of article 4590i, nor diminish the efficacy of its limitations provision.

The Texas Supreme Court has stated that we should endeavor to interpret statutes in a manner that avoids inequity. *Sanchez v. Schindler,* 651 S.W.2d 249, 252 (Tex.1983). We should not construe a statute in a manner that leads to hardship and injustice if the statutory language is susceptible to a more reasonable, alternative construction. *State Highway Department v. Gorham,* 139 Tex. 361, 366, 162 S.W.2d 934, 936 (1942); *Lacy v. State Banking Board,* 118 Tex. 91, 110–111, 11 S.W.2d 496, 505 (1928). Article 4590i itself directs that its provisions be applied "in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis." Article 4590i, section 1.02(b)(3). Thus, we hold that article 4590i, section 10.01 permits the wrongful death causes of action asserted by Mr. Bradley to relate back under article 5539b.

### The Wrongful Death Claims of the Minor Children

■ What has been said above in discussing the wrongful death claim of Mr. Bradley is not applicable to the wrongful death claims of the minor children, since they were not named as parties in the original petition. We hold, however, that their claims are likewise not barred by limitations.

On February 7, 1983, plaintiffs' first amended original petition was filed, asserting for the first time claims on behalf of the children for the wrongful death of their mother. It is undisputed that each child was under the age of twelve on that date.

Article 4590i, section 10.01 provides that "minors under the age of twelve shall have until their 14th birthday in which to file, or have filed on their behalf, the claim." TEX.REV.CIV.STAT.ANN. art. 4590i § 10.01 (Vernon Supp.1985).

In ruling that the children's wrongful death causes of action were barred by limitations, the trial court held that the "claim" referred to in section 10.01 applies only to personal injury causes of action filed by or on behalf of a minor for damages to himself. The definition of "claim," however, is not so limited. Section 1.03(a)(4) of article 4590i defines "health care liability claim" (the "claim" referred to in section 10.01) as:

> ... a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to *or death* of the patient....

TEX.REV.CIV.STAT.ANN. art. 4590i § 1.03(a)(4) (Vernon Supp.1985) (emphasis added). Thus, by filing their claims for the wrongful death of their mother before their fourteenth birthdays, the minor children satisfied the plain meaning and express requirements of the medical liability act. We hold that the minor children's causes of action under the Wrongful Death Act are not barred by limitations.

The judgment of the trial court is reversed, and the cause is remanded.

TUNKS, Chief Justice (Retired), concurring and dissenting.

I concur with the majority in holding the minor plaintiffs' claims are not barred by limitations. I respectfully dissent, however, to that part of the majority's opinion which holds that Foy Bradley's Wrongful Death Claim is not barred by limitations. I would hold that Foy Bradley's claim is barred by the clear language of the medical malpractice statute, TEX.REV.CIV.STAT. ANN. art. 4590i, § 10.01 (Vernon Supp. 1985), for two reasons.

First, article 4590i section 10.01, states that its two-year limitations period applies, "notwithstanding any other law." In *Hill v. Milani*, 686 S.W.2d 610 (Tex.1985), our Supreme Court addressed this language in section 10.01. The court stated:

> The language of the statute is clear and exclusive. Elsewhere in the Medical Lia-

bility and Insurance Improvement Act, limited tolling provisions are contained, suspending the statute during minority, § 10.01, and upon the giving of notice. § 4.01(c). Article 5537 is not part of the statutory scheme for medical malpractice claims envisioned by the legislature, and is part of the "other law" expressly made inapplicable by operation of statute.

*Id.* at 611. Similarly, article 5539b is not part of the statutory scheme for medical malpractice claims. If the legislature had intended to incorporate the "relation back" doctrine, it would have so provided. It did not. Furthermore, our Supreme Court has expressly held that section 10.01 is the exclusive limitations provision for medical malpractice suits. I would hold that article 5539b does not apply to medical malpractice suits.

Second, section 10.01 provides that the two-year limitation period begins to run at the time of the breach or tort, or from the date the health care of the patient is completed. The limitation period does not, as does the limitation period in TEX.REV.CIV. STAT.ANN. art. 5526 (Vernon Supp.1985), begin to run when the cause of action accrues. Here, the husband's wrongful death cause of action did not accrue until Mrs. Bradley died on April 16, 1982. *See* TEX.REV.CIV.STAT.ANN. art. 5526, § 5. It is uncontroverted that the defendant's treatment of her ended on January 31, 1980. Thus, the wrongful death cause of action of the husband was barred by limitations before it accrued.

Thus, I would hold that Foy Bradley's wrongful death action was barred by limitations.