

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

September 19, 2000

The Honorable Carole Keeton Rylander
Comptroller of Public Accounts
P.O. Box 13528
Austin, Texas 78711-3528

Mr. James D. Goerke, Executive Director
Commission on State Emergency
 Communications
333 Guadalupe Street, Suite 2-212
Austin, Texas 78701-3942

Opinion No. JC-0284

Re: Whether the Commission on State Emergency Communications or the Comptroller is authorized to collect from a telecommunications service provider delinquent 9-1-1 emergency service fees and surcharges dating from 1992 to 1997 (RQ-0229-JC)

Dear Comptroller Rylander and Mr. Goerke:

You jointly ask whether the Commission on State Emergency Communications or the Comptroller has the authority to collect from a telecommunications service provider delinquent 9-1-1 emergency service fees and surcharges dating from 1992 to 1997. Your question arises because House Bill 1983 (or "the Act")[1] shifted the duty to collect such fees and surcharges from the former Advisory Commission on State Emergency Communications (which it renamed the Commission on State Emergency Communications (the "Commission")),[2] to the Comptroller,[3] effective September 1, 1999.[4] Based on the House Bill 1983 savings clause and the administrative rules in effect at the time of House Bill 1983's enactment, we conclude that unless a contested case regarding the collection of the fees at issue was filed prior to the Act's effective date, the House Bill 1983 amendments will govern, and the Comptroller rather than the Commission will have the authority to collect the fees.

We begin with a brief review of the statutory scheme governing fee collection generally. Subchapter D of Chapter 771 of the Health and Safety Code provides for the financing of state emergency communications with 9-1-1 emergency service fees and other surcharges that telecommunications service providers are required to collect from their customers and deliver to

---

[1]See Act of May 30, 1999, 76th Leg., R.S., ch. 1405, 1999 Tex. Gen. Laws 4739.

[2]See id. §§ 1, 35 at 4739, 4752.

[3]See id. § 29 at 4749-50.

[4]See id. § 38 at 4752.

the Commission. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 771.071-.079 (Vernon Supp. 2000). These fees are used, as a general matter, "only for planning, development, provision, and enhancement of the effectiveness of 9-1-1 service" as approved by the Commission. *See id.* § 771.075.

Your question concerns the collection of delinquent fees and surcharges from service providers. Under chapter 771 as amended in 1999, the Commission notifies the Comptroller of "any irregularity that may indicate that an audit of a service provider collecting a fee or surcharge under this subchapter is warranted." *Id.* § 771.076(a). The Comptroller is also charged with collecting past due amounts from service providers. Section 771.077 provides in pertinent part as follows:

> (a) The comptroller by rule shall establish collection procedures to collect past due amounts and recover the costs of collection from a service provider or business service user that fails to timely deliver the fees and the equalization surcharge to the commission.

> (b) The comptroller by rule shall establish procedures to be used by the commission to notify the comptroller of a service provider's or business service user's failure to timely deliver the fees or surcharges.

> (c) In addition to amounts collected under Subsection (a), after notice and an opportunity for a hearing, the comptroller may assess a late penalty against a service provider who fails to timely deliver the fees or surcharges. The late penalty is in an amount not to exceed $100 a day for each day that the fees or surcharges are late.

*Id.* § 771.077(a)-(c). Prior to September 1, 1999, past due fees were collected by the Commission. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 638, § 7, 1995 Tex. Gen. Laws 3507, 3509.

House Bill 1983, the bill that shifted collection of past due fees and surcharges from the Commission to the Comptroller, contained the following savings provision:

> (a) The changes in law made by this Act regarding the date of payment of a fee or surcharge under Chapter 771, Health and Safety Code, as amended by this Act, apply only to a fee or surcharge collected on or after the effective date of this Act. A fee or surcharge that is collected before the effective date of this Act is due on the date the payment would have been due under the law as it existed immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

(b) The changes in law made by this Act regarding the collection of fees, *surcharges, or associated penalties apply only to an action taken on or after the effective date of this Act. The collection of a fee, surcharge, or associated penalty for which an action was initiated before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and the former law is continued in effect for that purpose.*

(c) The changes in law made by this Act regarding the disposition of a fee, surcharge, or associated penalty collected under Chapter 771, Health and Safety Code, as amended by this Act, and the amount a service provider may retain as an administrative fee apply only to a fee, surcharge, or penalty collected on or after the effective date of this Act. The disposition of a fee, surcharge, or associated penalty that was collected before the effective date of this Act and the amount a service provider may retain as an administrative fee are governed by the law as it existed immediately before the effective date of this Act, and the former law is continued in effect for that purpose.

Act of May 30, 1999, 76th Leg., R.S., ch. 1405, § 37, 1999 Tex. Gen. Laws 4739, 4752 (emphasis added).

Subsection (b) of the savings provision, which deals with which law to apply regarding collection of fees, governs your query, and we believe the crucial term in that provision is the word "action." The Code Construction Act provides that words are to be read in context and construed according to the rules of grammar and common usage, and words with a technical meaning are to be construed according to that meaning. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). In its common usage, "action" can be interpreted to mean "conduct" or "deed," I OXFORD ENGLISH DICTIONARY 127 (2d ed. 1989), but it also has the technical meaning of "legal process or suit," *id.* at 128; *see also Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995) ("The term 'action' is generally synonymous with 'suit,' which is a demand of one's rights in court."); *Bradley v. Etessam*, 703 S.W.2d 237, 241 (Tex. App.–Dallas 1985, writ ref'd n.r.e.). The phrase "an action" in the first sentence of subsection (b) of this savings provision is said to be "taken," suggesting that the word "action" is being used in its common, more general sense. By contrast, in the second sentence, "an action" is said to be "initiated," a term of art suggesting that here the word has the more technical meaning. *See* VII OXFORD ENGLISH DICTIONARY 977 (2d ed. 1989) (defining "initiated" to mean "[c]ommenced; originated"). We therefore believe that the word "action" in the first sentence of the savings provision incorporates both conduct generally and more formal proceedings, whereas the word "action" in the second sentence is limited only to more formal proceedings.

Your query involves the following situation: In 1998, the Commission notified a service provider that an audit had revealed that the provider was past due on payment to the Commission

of emergency service fees it collected from customers in 1992 to 1997. "The Commission initiated informal discussions with the provider in 1998 regarding the delinquency, and in the course of these conversations the provider indicated that it wished to avail itself of the hearing procedure."[5] However, the statute was amended, and the authority to collect past due fees was transferred from the Commission to the Comptroller, "before any pleadings were filed or any formal contested case procedure was initiated." Request Letter, note 5, at 2. You ask "which agency now has the authority to initiate formal, contested case collection efforts against the provider." *Id.*

To definitively construe the savings clause in light of this factual situation, we examine the administrative rules in effect at the time of House Bill 1983's enactment. Prior to September 1, 1999, the Commission was authorized under section 771.077 to establish procedures to collect past due amounts and recover the costs of collection from a service provider. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 638, § 7, 1995 Tex. Gen. Laws 3507, 3511. The Commission adopted rules to establish collection and hearing procedures pursuant to this provision. *See* 1 TEX. ADMIN. CODE ch. 253 (2000); *see id.* § 253.1(g) ("These rules establish collection and hearing procedures pursuant to Texas Health and Safety Code, § 771.077."). Those rules provided for collection by informal procedures as well as by formal contested cases. *See id.* §§ 253.3 (informal procedures), 253.4-.30 (contested cases). The rule on informal procedures, section 253.3, provided that a service provider that disagreed with an initial written staff determination regarding untimely delivery of 9-1-1 emergency service fees or surcharges could request a "reconciliation conference with the staff." *Id.* § 253.3(a). After the reconciliation conference, or if no reconciliation conference was requested, the staff was required to "notify the service provider . . . in writing of its recommendation to the commission on the matter." *Id.* A service provider that disputed any part of the staff's recommendation was required to request a hearing within thirty days after receipt of the staff's recommendation. *See id.* § 253.3(c). The request had to comport with the following requirements:

> The request for a hearing must be in writing and must include a statement of grounds that sets out in detail the reasons the service provider or business service user does not agree with the staff's recommendation. Legal authority must be cited if the service provider or business service user disagrees with the staff's interpretation of the law.

*Id.* Upon receiving a request for a hearing, staff was required "to proceed to formal contested case proceedings, unless the staff determines that further settlement discussions with the service provider or business service user are warranted." *Id.* In the event that the service provider failed to timely

---

[5]Letter from Mr. James D. Goerke, Executive Director, Commission on State Emergency Communications, to Honorable John Cornyn, Texas Attorney General at 2 (May 4, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

respond to staff's recommendation, the rule authorized "staff [to] begin to proceed to formal contested case proceedings." *Id.* § 253.3(d).

Another Commission rule, section 253.4, provided that "[t]he administrative law judge acquires jurisdiction over a contested case when the staff of the agency, or any person authorized by statute, files a request to docket a case in the form prescribed by the administrative hearings clerk, and in accordance with § 253.8 of this title (relating to Filings)." *Id.* § 253.4(a). Under the rule, a request to docket a case was considered filed "when the request to docket is received and file-marked by the administrative hearings clerk." *Id.* § 253.4(b).

Again, the pertinent subsection of the House Bill 1983 savings clause provides that "the changes in law made by this Act regarding the collection of fees, surcharges, or associated penalties apply only to an action taken on or after the effective date of this Act," and that the "collection of a fee, surcharge, or associated penalty for which an action was initiated before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and the former law is continued in effect for that purpose."[6] As we have explained, we construe the word "action" in the first sentence of the savings clause to refer generally to conduct or deeds and the phrase "action . . . initiated" in the second sentence to refer more specifically to formal proceedings. *See* discussion *supra* p. 3. Given the Commission rules, which were in effect at the time House Bill 1983 was enacted, we further conclude that the word "action" in the second sentence refers to a contested case provided for in the Commission rules. In addition, we conclude that such an action may be said to have been initiated only pursuant to section 253.4 of the Commission rules, which established the formal mechanism for commencing a contested case. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) ("In construing a statute . . . a court may consider . . . circumstances under which the statute was enacted [and] . . . administrative construction of the statute").

In sum, the first sentence of the savings provision mandates the application of the House Bill 1983 amendments to all actions taken after the Act's effective date, both informal conduct and newly-initiated formal proceedings. The second sentence of subsection (b) preserves prior law only for contested cases filed prior to House Bill 1983's effective date. We gather from the facts asserted in your request that the service provider at issue requested a hearing under section 253.3, but that no request to docket a case was filed as provided by section 253.4. *See* Request Letter, *supra* note 5, at 2. On the other hand, a brief submitted by the telecommunications service provider suggests a slightly different interpretation of the facts.[7] Because this office cannot make fact findings and is

---

[6]Act of May 30, 1999, 76th Leg., R.S., ch. 1405, § 37(b), 1999 Tex. Gen. Laws 4739, 4752.

[7]*See* Brief from Mr. Anthony M. Whalen, State Tax Counsel, Sprint, to Opinion Committee, Office of the Attorney General (Aug. 18, 2000) (on file with Opinion Committee).

not equipped to resolve factual disputes,[8] we take the facts asserted in the request letter as true and assume that a contested case was not filed under section 253.4 prior to House Bill 1983's effective date, September 1, 1999. Assuming that no contested case was filed prior to the Act's effective date, prior law is not preserved with respect to collection of the fees at issue. The changes in law made by House Bill 1983 regarding the collection of fees and surcharges will apply to a contested case filed after September 1, 1999 to collect those fees. The Comptroller rather than the Commission is authorized to collect the fees in such an action.

## S U M M A R Y

The Comptroller rather than the Commission on State Emergency Communications has the authority to collect from a telecommunications service provider delinquent 9-1-1 emergency service fees and surcharges dating from 1992 to 1997 if no contested case regarding the collection of the fees was filed prior to the effective date of House Bill 1983.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee

---

[8]*See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ( "[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").